# FILED

August 31 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 09-0568, DA 09-0574

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2010 MT 193

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

MATTHEW LYNN MONTGOMERY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 06-83
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Joslyn Hunt, Chief Appellate Defender; Jennifer A. Hurley, Assistant
Appellate Defender; Helena, Montana

    For Appellee:

        Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

        George H. Corn, Ravalli County Attorney; T. Geoffrey Mahar, Deputy
County Attorney; Hamilton, Montana

Submitted on Briefs:  July 21, 2010

Decided:  August 31, 2010

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Matthew Lynn Montgomery appeals from the order entered by the Twenty-First Judicial District Court, Ravalli County, denying his motions to withdraw his no contest and guilty pleas. We affirm.

¶2     ***Did the District Court err by denying Montgomery's motions to withdraw his pleas?***

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     In June 2003, Montgomery was charged with incest, sexual intercourse without consent, and theft for his actions related to his adult half sister. Pursuant to a plea agreement, Montgomery agreed to enter a no contest plea to the incest charge in exchange for dismissal of the charges of sexual intercourse without consent and theft. At the change of plea hearing, the District Court advised Montgomery of the amended charges, possible penalties and rights he was waiving, explained that the court was not bound by the agreement, and received Montgomery's assurances that he had no "reservations" about his plea and no one had forced him to enter it. The State recited the evidence it would present should the matter proceed to trial, whereupon Montgomery stated his belief that the State could prove its case beyond a reasonable doubt, and the court accepted his plea. On February 17, 2004, the District Court sentenced Montgomery to a twenty-year suspended sentence, requiring him to serve one year in the Ravalli County Detention Center and imposing other conditions, including obeying all laws.

¶4     In May 2006, Montgomery was charged with committing sex-related crimes upon four children, including three counts of sexual assault, three counts of sexual abuse of a

2

child, and one count of tampering with physical evidence. Pursuant to a plea agreement, Montgomery pled guilty to two counts of sexual assault in exchange for dismissal of the remaining charges and the State's Notice of Persistent Felony Offender. At the change of plea hearing, the District Court advised Montgomery of the rights he was waiving and ensured he was not entering his pleas under duress. The State recited the facts it would establish at trial, and Montgomery and his attorney agreed with the State's recitation of the facts. The District Court accepted Montgomery's guilty pleas and his related admission to violating the terms of his twenty-year suspended sentence for the incest he had committed in 2003. On January 12, 2007, the District Court sentenced Montgomery to twenty years, with ten years suspended, for each count of sexual assault. The sentences for both sexual assault counts were to run consecutively. The District Court revoked Montgomery's suspended sentence and ordered that Montgomery be committed to the Montana State Prison for twenty years, with ten years suspended, to run consecutively to the sexual assault sentences.

¶5 On October 7, 2008, Montgomery filed a self-represented motion to withdraw his pleas entered in 2003 and 2006, which the State opposed. The District Court appointed counsel for Montgomery and conducted a hearing. The District Court denied the motion, and Montgomery appeals.

## STANDARD OF REVIEW

¶6 We review a district court's denial of a motion to withdraw a plea de novo. *State v. Brinson*, 2009 MT 200, ¶ 3, 351 Mont. 136, 210 P.3d 164; *State v. McFarlane*, 2008 MT 18, ¶ 8, 341 Mont. 166, 176 P.3d 1057.

## DISCUSSION

¶7 ***Did the District Court err by denying Montgomery's motions to withdraw his pleas?***

¶8 Montgomery argues that the District Court's plea colloquy was inadequate, he was induced to plead by threats, and he was insufficiently advised about the consequences of his pleas, rendering them involuntary. The State counters that Montgomery's motion to withdraw his pleas was time barred because it was filed more than one year after his convictions became final. Montgomery responds that the State waived the time-bar defense, but, alternatively, if the State preserved the issue, he satisfied the exception to the time bar by raising a "claim of innocence supported by evidence of a fundamental miscarriage of justice."

¶9 In response to Montgomery's self-represented motion to withdraw his pleas, the State filed an opposing pleading, citing to § 46-16-105(2), MCA, and stating, "[T]he State moves this Court to summarily dismiss the motion in each case because Montgomery's request is time-barred." The State's supporting memorandum argued as follows:

> Under § 46-16-105(2), [MCA], Montgomery had one year from the day his time for appeal expired to withdraw his guilty pleas. In [the 2003 incest plea], Montgomery's time for appeal expired April 19, 2004. Accordingly,

4

Montgomery had until April 19, 2005[,] to withdraw his guilty plea. Likewise, in [the 2006 sexual assault pleas], Montgomery's time for appeal expired March 26, 2007.

Under the statute, Montgomery therefore had until March 26, 2008[,] to withdraw his second guilty plea. Montgomery's motion to withdraw his guilty pleas was filed on October 7, 2008, more than 3 years after the time limit ran for [the 2003 incest plea] and 6 months after the time limit for [the 2006 sexual assault pleas].

The child victims in this case are growing up. They should not be haunted by the prospect of Montgomery now desiring to withdraw his plea[,] thereby causing the victims to face trial testimony anxiety once again. Here, the time-bar consideration for plea withdrawal serves a legitimate purpose.

After Montgomery was appointed counsel, he filed new motions to withdraw his pleas. The State filed another response to the new motions, stating it "continues to rely on the statutory time-barred argument" and incorporating by reference the time-bar arguments it had made within its original memorandum, cited above. During the April 10, 2009 hearing, the District Court stated to Montgomery's attorney that "the [S]tate raises an issue over this one-year time period that could be some sort of time bar . . . . So I assume at some point you'll address that in your briefing . . . because the [S]tate has raised that as a potential bar." In its order, the District Court acknowledged that "Montgomery's motions to withdraw the pleas he entered to the 2003 Crimes and the 2006 Crimes are well beyond the one-year time bar contained in § 46-16-105(2), MCA," but also addressed the merits of Montgomery's motion, concluding that his pleas were voluntarily entered.

5

¶10    Despite this record, Montgomery argues the State waived the issue because it argued to the District Court that § 46-16-105(2), MCA, "requires that all motions to withdraw guilty pleas contain a claim of innocence supported by evidence of a fundamental miscarriage of justice *and* be filed within one year," whereas its argument on appeal is that the statute "provides a one-year statute of limitations *except* in claim of innocence cases." (Emphasis in original.) Montgomery claims the State is offering "an entirely different theory" on appeal, which should not be considered.

¶11    "The general rule is that issues not raised before the trial court and new legal theories are not considered by this Court on appeal because it is unfair to fault the trial court on an issue it was never given an opportunity to consider." *State v. Courville*, 2002 MT 330, ¶ 5, 313 Mont. 218, 61 P.3d 749; *see also State v. Adgerson*, 2003 MT 284, ¶ 12, 318 Mont. 22, 78 P.3d 850; *In re Estate of Kindsfather*, 2005 MT 51, ¶ 34, 326 Mont. 192, 108 P.3d 487; *Emmerson v. Walker*, 2010 MT 167, ¶ 27, 357 Mont. 166, ___ P.3d ___; *State v. Johnston*, 2008 MT 318, ¶¶ 16-21, 346 Mont. 93, 193 P.3d 925, *overruled on other grounds by State v. Maynard*, 2010 MT 115, ¶¶ 21, 28, 356 Mont. 333, 233 P.3d 331. To preserve an issue, a party must set forth more than "general assertions." *Courville*, ¶ 5; *Emmerson*, ¶ 27.

¶12    However, we have permitted parties to bolster their preserved issues with additional legal authority or to make further arguments within the scope of the legal theory articulated to the trial court. *See e.g. Becker v. Rosebud Operating Servs.*, 2008 MT 285, ¶ 18, 345 Mont. 368, 191 P.3d 435 ("While some specific arguments Becker

6

offers on appeal were not offered in the District Court, we cannot conclude that Becker's overall theory or claim has significantly changed."); *Whitehorn v. Whitehorn Farms, Inc.*, 2008 MT 361, ¶ 23, 346 Mont. 394, 195 P.3d 836 ("[W]e conclude that Brian's appellate argument, while clearly a change in emphasis, is not an entirely new theory, and that excluding consideration of his arguments would be an unduly harsh application of the rule."); *Sleath v. West Mont Home Health Servs.*, 2000 MT 381, ¶ 35, 304 Mont. 1, 16 P.3d 1042; *State v. Morrison*, 2008 MT 16, ¶¶ 10-12, 341 Mont. 147, 176 P.3d 1027; *Thomas v. N.W. Natl. Ins. Co.*, 1998 MT 343, ¶ 22, 292 Mont. 357, 973 P.2d 804.

¶13 Here, the State expressly raised the statutory time bar in the trial court. The District Court was given the opportunity to rule on the issue, urged Montgomery to address the issue in briefing, and, arguably, held that Montgomery's claims were time barred in addition to denying Montgomery's motion on the merits ("Montgomery's motions to withdraw the pleas he entered to the 2003 Crimes and the 2006 Crimes are well beyond the one-year time bar contained in § 46-16-105(2), MCA."). Thus, the fundamental unfairness the rule seeks to prevent is not present here. As in *Becker* and *Whitehorn*, we conclude that rejecting consideration of the State's arguments on the time-bar issue would be an "unduly harsh application" of the waiver rule. *Whitehorn*, ¶ 23; *see also Becker*, ¶ 18. As the time bar is a threshold issue, we turn to its application.

¶14 In 2003, the Legislature amended § 46-16-105(2), MCA, to state, in pertinent part:

> *At any time before judgment or, except when a claim of innocence is supported by evidence of a fundamental miscarriage of justice, within 1 year after judgment becomes final*, the court may, for good cause shown, permit the plea of guilty or nolo contendere to be withdrawn and a plea of

not guilty substituted. A judgment becomes final for purposes of this subsection (2):

(a) when the time for appeal to the Montana supreme court expires;

(b) if an appeal is taken to the Montana supreme court, when the time for petitioning the United States supreme court for review expires; or

(c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.

(Emphasis added.)[1] The amendment became effective July 1, 2003, and applied to all offenders who pled guilty on or after that date. Laws of Montana, 2003, ch. 346, §§ 2-3, at 1158. The parties agree that the amendment applies to Montgomery's pleas and that his request to withdraw them was not filed within one year after the judgments became final.

¶15 However, Montgomery argues that his withdrawal request falls within the exception to the one-year period as a "claim of innocence . . . supported by evidence of a fundamental miscarriage of justice." Section 46-16-105(2), MCA. Montgomery argues he adduced evidence of his innocence, while the State argues that he failed to carry that burden. Both parties note that this Court has not previously addressed this statutory provision and the meaning of the exception to the time bar. To assist in doing so, we turn to the provision's legislative history, including the amendments made during the bill's consideration. *See* Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* vol. 2A, § 48:18 (7th ed., West 2007) ("One of the most readily available

---

[1] The Legislature also amended § 46-16-105, MCA, in 2005, but those amendments have no bearing on the issues here. *See* Laws of Montana, 2005, ch. 222, § 3, at 715.

8

extrinsic aids to the interpretation of statutes is the action of the legislature on amendments which are proposed to be made during the course of consideration in the legislature.").

¶16 Representative John Parker introduced HB 171 in the 2003 Legislature on behalf of the Montana Department of Justice to impose a one-year limitation period for plea withdrawals. Mont. H. Jud. Comm., *Hearing on HB 171*, 58th Leg., Reg. Sess. 9 (Jan. 20, 2003). While testifying, Parker described a case wherein the State charged a defendant with failing to register as a sex offender. The defendant had opposed the charge by attempting to withdraw his guilty plea to the underlying sex crime he had entered years before, which necessitated the registration. Parker explained that "[t]he essence of this bill is to try to provide some sense of finality in a criminal case" and would "enact a one-year statute of limitations for withdrawal of guilty plea after the time of which a conviction becomes final." Mont. H. Jud. Comm., *Hearing on HB 171*, 58th Leg., Reg. Sess. 9 (Jan. 20, 2003). John Connor, representing the Department of Justice, testified about the one-year statute of limitation applicable in the post-conviction context and asked for application of the same statute of limitation to requests for plea withdrawals. Mont. Sen. Jud. Comm., *Hearing on HB 171*, 58th Leg., Reg. Sess. 13-14 (Mar. 7, 2003); Mont. H. Jud. Comm., *Hearing on HB 171*, 58th Leg., Reg. Sess. 9 (Jan. 20, 2003).

¶17 Regarding the exception to the one-year limitation period, Connor cited to this Court's post-conviction relief decision in *State v. Redcrow*, 1999 MT 95, 294 Mont. 252,

980 P.2d 622, and testified that a claim of "actual innocence supported by a fundamental miscarriage of justice" is not subject to the one-year statute of limitation. Mont. H. Jud. Comm., *Hearing on HB 171*, 58th Leg., Reg. Sess. 9 (Jan. 20, 2003). Connor explained that this exception within existing law would also apply to the one-year limitation period proposed by HB 171. Mont. H. Jud. Comm., *Hearing on HB 171*, 58th Leg., Reg. Sess. 9 (Jan. 20, 2003). However, Representative Mark Noennig, troubled that no language referencing the exception existed within the proposed bill, offered an amendment to explicitly include it. Mont. H. Jud. Comm., *Executive Action on HB 171*, 58th Leg., Reg. Sess. 9-10 (Jan. 21, 2003). In offering his amendment, Representative Noennig explained that to receive the benefit of the "actual innocence" exception to the time bar, the defendant must make a showing "supported by evidence" and that this burden would be "a pretty steep hurdle." Mont. H. Jud. Comm., *Executive Action on HB 171*, 58th Leg., Reg. Sess. 9-10 (Jan. 21, 2003). The House Committee on Judiciary then adopted the amendment, which both the House and the Senate ultimately approved. Mont. H. Jud. Comm., *Executive Action on HB 171*, 58th Leg., Reg. Sess. 9 (Jan. 21, 2003); *H. Second Reading HB 171*, 58th Leg., Reg. Sess. 1-2 (Jan. 25, 2003); Laws of Montana, 2003, ch. 346, § 1, at 1157.

¶18 Here, Montgomery has fallen far short of carrying his burden to demonstrate a claim of innocence supported by evidence of a fundamental miscarriage of justice. He cites to a one-line, self-serving, unresponsive comment within his hearing testimony asserting "I'm innocent of these charges," but offered nothing to deflect the evidence

provided by multiple victims, described by his original trial counsel as "very, very compelling," the corroborative DNA evidence about which his trial counsel testified, or to demonstrate that any of the pleas he entered to multiple charges over multiple years are conceivably suspect. He has set forth vague and conclusory statements, which are insufficient to meet the "steep hurdle" contemplated by the Legislature.

¶19 We conclude that Montgomery did not satisfy the exception to the one-year time bar. Thus, we affirm the District Court's denial of his motion for withdrawal of his pleas.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON

11