DA 09-0547

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 177

GRANT CREEK HEIGHTS, INC., a Montana
corporation, and KENNETH R. KNIE,

      Plaintiffs and Appellants,

  v.

MISSOULA COUNTY, a political subdivision of
the State of Montana; and MISSOULA COUNTY
COMMISSIONERS, J. FERN HART, individually;
MICHAEL KENNEDY, individually, and JANE and
JOHN DOES 1-20, in their individual and official capacities,

      Defendants, Appellees, Cross-Appellants.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District, In and For the County of Missoula, Cause No. DV 98-85994 Honorable John W. Larson, Presiding Judge |

COUNSEL OF RECORD:

      For Appellants:

          Michael Sol, Sol & Wolfe Law Firm, PLLP, Missoula, Montana

      For Appellee:

          Fred Van Valkenburg, Missoula County Attorney; James McCubbin, Deputy County Attorney, Missoula, Montana

                    Submitted on Briefs:  May 23, 2012
                                Decided:  August 15, 2012

Filed:

_____
                       Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Grant Creek Heights, Inc. (Grant Creek) and Kenneth R. Knie (Knie) (collectively "Appellants") appeal from the order of the Fourth Judicial District Court, Missoula County, that granted Missoula County's third motion for summary judgment. Missoula County, Missoula County Commissioners, J. Fern Hart and Michael Kennedy (collectively "County") cross-appeal the District Court's denial of their second motion for summary judgment. We affirm.

¶2    We review the following issues on appeal and cross-appeal:

¶3    *1. Whether the District Court properly denied County's second motion for summary judgment.*

¶4    *2. Whether the District Court properly granted County's third motion for summary judgment.*

### FACTUAL AND PROCEDURAL BACKGROUND

¶5    County adopted a Planned Unit Development (PUD) for the Grant Creek Area, known as Grantland, on October 17, 1979. Grantland consists of 3,600 acres formerly owned by the family of Jeanette Rankin. Knie owned a 160-acre parcel within this 3,600 acre area (Knie 160). Knie filed a certificate of survey in early 1987 that attempted to divide his 160 acres into 20-acre parcels.

¶6    County amended the PUD on March 25, 1987. County confirmed through a letter to Knie on April 1, 1987, that the PUD applied to Knie 160. The letter stated that Knie had to

2

meet several conditions within one year in order to proceed with his development. Knie failed to meet any of those conditions.

¶7 Missoula County Zoning Resolution (Resolution), Section 5.02, provides that a developer must submit a subdivision application within one year of the enactment of a PUD. If the developer fails to comply with the Resolution, the zoning in the area "shall revert to the original zoning classification(s)." Knie never submitted a subdivision request. County, accordingly, notified the Office of Community Development in 1991 that "conditions for approval of the Grantland PUD have not been met," and that the PUD zone had reverted to its original zoning classification.

¶8 Appellants filed a complaint in district court in 1998. County filed a motion for summary judgment in 1998. The parties resolved all claims on November 10, 1999, "known or unknown at the time of this agreement." The agreement exempted from the settlement "a claim that Knie Group may wish to assert in a separate proceeding regarding the issue of whether the County of Missoula properly terminated the Grantland [PUD], which said issue has not been part of this lawsuit."

¶9 Appellants filed an amended complaint on January 10, 2005, to add PUD issues "as to the portion of the Gleneagle subdivision which was not platted as of September 12, 1991," and as stated in their motion and brief for reinstatement of PUD. The court provided that the amended complaint would not relate back to the time of filing the original complaint. The parties reserved the right to raise statute of limitation defenses. Appellants filed an amended complaint on February 8, 2007, in which they alleged that County had failed to follow

3

zoning obligations. Knie requested that the court reinstate the PUD zoning on his 160-acre parcel.

¶10 County filed a second motion for summary judgment pursuant to its argument that Appellants' amended complaint constituted a new cause of action. The court denied the second motion for summary judgment. The court's January 10, 2005, order allowed amendment as to "PUD issues as to that portion of the Gleneagle subdivision which was not platted as of September 12, 1991." The court determined that Appellants' new claims comported with the 2005 order.

¶11 County filed a third motion for summary judgment on February 11, 2009. County argued that each of Appellants' claims failed as a matter of law due to the fact that Appellants had not satisfied the requirements of the Resolution. The District Court issued an opinion and order granting County's third motion for summary judgment on June 19, 2009. The court found that Appellants had failed to file any subdivision application within one year of the approval of the PUD. The court determined that the PUD zoning automatically had reverted to previous zoning designations due to Appellants' "failure to satisfy the requirements of the Missoula County Zoning Resolution, Section 5.02." The court further determined that the applicable statute of limitations barred Appellants' claim that Section 5.02 violated Montana notice laws. Section 76-2-202(1)(b), MCA.

¶12 Appellants filed a motion to alter or amend the judgment on July 9, 2009. The court denied Appellants' motion on September 8, 2009. Appellants timely appealed. County filed notice of cross-appeal.

4

¶13 We review de novo a court's grant or denial of a summary judgment motion. *H&H Dev., LLC v. Ramlow*, 2012 MT 51, ¶ 13, 364 Mont. 283, 272 P.3d 657. Summary judgment is proper "when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *H&H*, ¶ 13. We review for correctness a court's application of statute of limitations. *Johnson v. Dist. VII, Human Res. Dev. Council,* 2009 MT 86, ¶ 18, 349 Mont. 529, 204 P.3d 714.

## DISCUSSION

¶14 *Whether the District Court denied properly County's second motion for summary judgment.*

¶15 County argues that Appellants failed to raise allegations regarding zoning in their original 1998 complaint. County contends that the District Court had not allowed the complaint to be amended to include the Knie 160. County argues that, as a result, Appellants' decision to include the Knie 160 in its 2005 amended complaint constitutes a new cause of action. County further argues that various statutes of limitations bar Appellants' claims.

¶16 Section 76-2-227(1), MCA, provides that a petition of illegality of a zoning decision "shall be presented to the court within 30 days after the filing of the decision in the office of the board." Similarly, § 76-2-202(1)(b), MCA, provides that an action challenging the creation of a zoning district must begin within six months of the board of county commissioners' order creating the district. County contends that the zoning classification

action challenged by Appellants took place in 1991. This action came more than six years before Appellants filed their original complaint in 1998. The zoning classification took place more than 15 years before Appellants filed the amended complaint in 2006.

¶17 The District Court's order on January 10, 2005, allowed amendment as to "PUD issues as to that portion of the Gleneagle subdivision which was not platted as of September 12, 1991." County's second motion for summary judgment did not address the question as to whether Appellants' cause of action related back to the original filing date. County's second motion for summary judgment similarly failed to address the disputed issues regarding whether County followed proper zoning amendment guidelines.

¶18 The District Court properly denied County's second motion for summary judgment due to County's failure to address the newly raised cause of action relating back to the original filing date and proper zoning amendment guidelines. The court determined that the evidence presented by both parties raised material disputed issues regarding whether County had followed correct procedures and whether Appellants had knowledge that the PUD designation had lapsed. The District Court could not resolve the statute of limitations claims until it had resolved those material disputed issues.

¶19 *Whether the District Court properly granted County's third motion for summary judgment.*

¶20 Both parties do not dispute two key facts. Both parties agree that the applicable zoning regulations required the submission of a subdivision application within one year of the passage of the PUD. Resolution, Section 5.02(B)(2), contains relevant provisions related

6

to the "final procedure" for establishment of a PUD. If a subdivision application is not submitted within one year of the PUD's approval, the zoning "shall revert" to the original classifications. Both parties agree that Knie failed to submit a subdivision application.

¶21 The court applied the plain language of this Resolution to the undisputed fact that Appellants never submitted a subdivision application. The court determined that this failure caused the PUD zoning to lapse and to revert to prior zoning designations. We agree. Appellants never submitted a subdivision application for the property at issue. Appellants failed to satisfy the requirements of the Resolution, Section 5.02.

¶22 Appellants contend that the 1979 version of the PUD constituted the "prior zoning" to which Knie 160 reverted. The 1979 PUD had expired, however, due to Knie's failure to submit a subdivision application within one year after the implementation of the PUD. Knie did not file a subdivision application within one year of the 1979 PUD. The zoning designation reverted at that time to the pre-PUD classification.

¶23 The 1987 amended PUD likewise expired when Knie did not submit a subdivision application within one year. Knie never filed a subdivision application. Thus, the prior zoning mandated by the zoning resolution amounted to the pre-PUD zoning, rather than to the 1979 version of the PUD.

¶24 Appellants further argue that the Resolution violates notice and public participation law. Section 76-2-205, MCA. Section 76-2-202(1)(b), MCA, provides, however, that a plaintiff must commence an action to challenge the creation of a zoning district within six months after the date of the order by the board of county commissioners. The zoning

7

classification occurred in 1991.  Appellants did not file their complaint, in which they first raised a challenge to County's action, until six years later.

¶25   Appellants additionally contend that no statute of limitations applies to bar their claims against County.  Appellants assert that County failed to follow correct procedures in its decision to terminate the PUD, and, thus took no legitimate action that would have triggered the running of the statute of limitations.  A statute of limitations applies, however, to alleged zoning decision errors.  *Russell v. Flathead Co.*, 2003 MT 8, ¶ 21, 314 Mont. 26, 67 P.3d 182.

¶26   Appellants argue that County improperly terminated the PUD in its 1991 letter to the Office of Community Development.  The Resolution, Section 5.02(B)(2), contains language regarding the automatic reversion of property if the property owner fails to submit a subdivision application.  This automatic reversion of the property, rather than the letter from County, constituted the appropriate triggering date for the six-month statute of limitations.

¶27   Appellants argue in the alternative that the eight-year statute of limitations for contracts applies.  Section 27-2-202, MCA.  Appellants' contract claim arises from County's use of the parties' 1999 agreement to demonstrate that the amended complaint did not relate back to the original claim.  Appellants' argument fails, however, due to the fact that § 27-2-202(1), MCA, applies solely to claims based upon the enforcement of a contract.  *Tin Cup Co. Water v. Garden City Plumbing & Heating, Inc.,* 2008 MT 434, ¶ 26, 347 Mont. 468, 200 P.3d 60.  Appellants did not assert a contract claim in their complaint or amended complaints.

¶28 Appellants raise three additional claims on appeal. Appellants compare the Knie 160 to other portions of the original Grantland PUD that have not been subject to a development plan. Appellants argue that the District Court misunderstood to which properties County referred in its communication related to reversion to the previous zoning designation. Appellants base this claim on documents that County claims it provided in original discovery that Appellants failed to argue or brief in the District Court. Appellants next contend that County could not require the filing of a subdivision application for the Knie 160, as § 76-3-103(15), MCA (1987), provided that a subdivision could only apply to plots less than 20 acres in size. Appellants lastly claim that Knie met the conditions of PUD approval through his certificate of survey filed in 1987. Appellants failed to raise these arguments in District Court until after the court had issued its order on summary judgment. Appellants cannot raise them on appeal when they failed to provide the District Court with the chance to review them on a timely basis. *State v. Montgomery*, 2010 MT 193, ¶ 11, 357 Mont. 348, 239 P.3d 929.

¶29 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ JIM RICE