FILED

June 10 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0440

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 154N

ROBERT A. SHEPHERD,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:     District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC-09-166
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Robert A. Shepherd, self-represented, Deer Lodge, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

Gina Dahl, Hill County Attorney, Havre, Montana

Submitted on Briefs:  May 21, 2014
Decided:  June 10, 2014

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and the Montana Reports.

¶2    On September 9, 2009, Robert Shepherd was involved in a single-vehicle crash in Havre. Shepherd was seriously injured, and his passenger, Joel Bell, died from injuries sustained in the crash. Shepherd's blood alcohol content at the time of the crash was later determined to be .14 percent. When questioned by the police at the hospital as to where Shepherd was sitting in the vehicle, Shepherd responded, "I was driving." Pursuant to a written plea agreement, Shepherd appeared with counsel before the Twelfth Judicial District Court, Hill County, on October 15, 2010, and entered a no contest plea to the charge of vehicular homicide while under the influence. Shepherd maintained he had no memory of the crash, but never claimed that he was not the one driving the vehicle. Additionally, circumstantial evidence supported that Shepherd was driving. At sentencing, the District Court noted Shepherd's extensive history of prior DUIs, and concluded that Shepherd "need[ed] to be supervised for as long as possible" and that the only way to protect the public and deter future offenses was to incarcerate Shepherd. On November 19, 2010, Shepherd was sentenced to thirty years in Montana State Prison with credit for 177 days previously served. Shepherd did not file a direct appeal.

¶3    On April 12, 2013, Shepherd filed a motion to withdraw his no contest plea. Shepherd stated in his motion that he regained his memory of the night of the accident, and now recalled that he was not driving. He argued that this "newly discovered evidence" supports a claim of innocence, which would overcome the time-bar on filing a motion to withdraw guilty plea pursuant to § 46-16-105(2), MCA. He also maintained that his plea was not voluntary, because he was mentally unstable and under the influence of multiple medications that were prescribed to him after the accident. The District Court denied Shepherd's motion on the basis that it was time-barred pursuant to § 46-16-105, MCA. Shepherd now appeals the District Court's denial of his motion to withdraw.

¶4    A motion to withdraw a guilty plea must be filed within one year after the judgment becomes final. Section 46-16-105(2), MCA. One way that a judgment becomes final is "when the time for appeal to the Montana supreme court expires." Section 46-16-105(2)(a), MCA. A narrow exception to this deadline applies when a convicted person raises a claim of innocence supported by evidence of a fundamental miscarriage of justice. Section 46-16-105(2), MCA.

¶5    The written judgment of Shepherd's conviction was issued on November 19, 2010. Shepherd did not file a direct appeal of his conviction or sentence. Shepherd's judgment became final on January 18, 2011—60 days after the issuance of the written judgment. *See* M. R. App. P. 5(b)(i). Thus, Shepherd's motion to withdraw, which was filed April 12, 2013, is time-barred pursuant to § 46-16-105(2), MCA. In addition, Shepherd has not provided sufficient evidence to support a claim of innocence. Although he now claims to have recently recalled that he was not driving the night of the accident,

3

this "newly discovered evidence," considered together with evidence supporting his guilt, is insufficient to establish a fundamental miscarriage of justice pursuant to § 46-16-105(2), MCA. *See State v. Montgomery*, 2010 MT 193, ¶ 18, 357 Mont. 348, 239 P.3d 929 (In affirming a district court's denial of defendant's motion to withdraw, we held that defendant's self-serving and unsupported claim of innocence did not constitute evidence of a fundamental miscarriage of justice.).

¶6 As a final matter, Shepherd filed in this Court a *Motion to Take Notice of Official Report Excerpts to Supplement Appellant Brief*. That motion is denied, as Shepherd is attempting to supplement the record with new material that he failed to submit to the District Court. It is well established that we are bound to the record on appeal, and that we will not consider off-the-record allegations in determining whether a district court erred in its findings. *Bahm v. Southworth*, 2000 MT 244, ¶ 11, 301 Mont. 434, 10 P.3d 99 (citing *Groves v. Clark*, 1999 MT 117, ¶ 22, 294 Mont. 417, 982 P.2d 446).

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's interpretation of the statute is not incorrect, and furthermore Shepherd has failed to establish a claim of innocence supported by evidence of a fundamental miscarriage of justice pursuant to § 46-16-105(2), MCA.

¶8 Affirmed.

/S/ LAURIE McKINNON

4

We Concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE