DA 17-0068

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 205N

FILED

08/22/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0068

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

ROBERT A. SHEPHERD,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 09-166
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

      Robert A. Shepherd, self-represented, Deer Lodge, Montana

    For Appellee:

      Timothy C. Fox, Montana Attorney General, C. Mark Fowler,
Assistant Attorney General, Helena, Montana

      Jessica A. Cole-Hodgkinson, Hill County Attorney, Havre, Montana

Submitted on Briefs:  July 26, 2017

Decided:  August 22, 2017

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On September 9, 2009, Petitioner Robert Shepherd wrecked his car while driving in Hill County, Montana. Shepherd was injured and his passenger, Joel Bell, was killed. Shepherd had 0.14 blood alcohol concentration at the time of the incident, and the State charged him with one count of Vehicular Homicide While Under Influence, in violation of § 45-5-106, MCA.

¶3 On October 12, 2010, Shepherd, represented by counsel, entered a plea agreement with the State, stating therein: "I voluntarily and intelligently admit that on or about September 9, 2009, in Hill County, Montana, I negligently caused the death of another human being while operating a motor vehicle in violation of § 61-8-401 or § 61-8-406, MCA." Shepherd pled *nolo contendere* to the charge. At the sentencing hearing on November 19, 2010, the District Court stated it was "shocked at Defendant's driving history" and the "Defendant needs to be supervised for as long as possible," and sentenced Shepherd to 30 years in prison. Shepherd did not appeal.

¶4 Over two years later, on April 12, 2013, Shepherd moved to withdraw his plea. The District Court denied Shepherd's motion, citing the one-year statute of limitations,

2

§ 46-16-105, MCA. This Court affirmed the District Court in *Shepherd v. State*, 2014 MT 154N, No. DA 13-0440, 2014 Mont. LEXIS 313. On August 15, 2014, Shepherd filed a federal habeas petition, which was denied as timed barred. A certificate of appealability was denied by the Ninth Circuit Court of Appeals on April 13, 2016.

¶5 On November 7, 2016, Shepherd initiated the instant proceeding by filing a motion for a "new trial" on the vehicle homicide charge, claiming (1) he was not provided 719 pages of discovery during the proceedings, and (2) he was not in a cogent state of mind when he was interviewed by police at the hospital after the accident. The District Court denied the motion, reasoning that the motion was "six (6) years too late." Shepherd makes the same arguments on appeal.

¶6 Shepherd styled his motion as a request for a new trial, but he entered a *nolo contendere* plea to the charge, and did not have a trial. Because Shepherd's arguments are essentially a collateral attack upon his conviction, we deem his pleading to be a petition for postconviction relief under § 46-21-101, MCA. Postconviction claims must be brought within "1 year of the date that the conviction becomes final," which in this case is when the "time for an appeal to the Montana supreme court expires." Section 46-21-102(1), MCA. There is an exception to the time bar when newly discovered evidence establishes "a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity." *State v. Pope*, 2003 MT 330, ¶ 51, 318 Mont. 383, 80 P.3d 1232 (citations and quotations omitted). To satisfy this standard, the defendant must demonstrate "actual

3

innocence," which requires a showing that "no reasonable juror would have found the defendant guilty." *Pope*, ¶¶ 53–54.

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  In the opinion of the Court, this case presents questions controlled by settled law, which the District Court correctly applied.  Shepherd has failed to demonstrate an exception to the time bar for postconviction petitions.

¶8    Affirmed.


                                        /S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

4