FILED

03/06/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0727

DA 16-0727

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2018 MT 40N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

RANDY BILL RING,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DC 06-03
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Randy Bill Ring, Self-Represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant Attorney General, Helena, Montana

          Lewis K. Smith, Powell County Attorney, Deer Lodge, Montana

Submitted on Briefs: January 24, 2018

Decided: March 6, 2018

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Randy Bill Ring ("Ring") appeals the Powell County District Court's Order denying his Motion to Withdraw a Plea of Guilty of two counts of forgery in violation of § 45-6-325(1)(b), MCA, and denying his Motion for Discovery. In 2006, the State charged Ring with two counts of forging signatures on a car and motorcycle lien. On October 16, 2007, Ring signed a written Plea Agreement and Waiver of Rights pleading guilty to two counts of forgery, and the District Court held a change of plea hearing the same day. At the hearing, counsel presented the written Plea, and the District Court proceeded through a colloquy, questioning Ring about whether he understood the rights he was waiving and was entering his pleas freely and voluntarily. Ring acknowledged he understood the rights he was waiving, and stated that he was entering his pleas freely and voluntarily, and the District Court accepted Ring's pleas. On April 3, 2008, the District Court entered a judgment and sentenced Ring to ten years suspended on each forgery count, to run concurrent with each other. In the judgment, the District Court specifically found that Ring's guilty pleas were freely and voluntarily entered.

¶3 In 2011, the State petitioned to revoke Ring's forgery sentence; Ring admitted the revocation allegations and, on February 28, 2012, the District Court entered a judgment on

2

the Petition to Revoke. On March 1, 2012, the District Court entered an amended judgment revoking the suspended portion of Ring's sentence. Ring applied for sentence review. In 2013, the Sentence Review Division affirmed the District Court's judgment.

¶4 On April 20, 2016, Ring filed a Motion to Withdraw his Guilty Plea and a Motion for Discovery. On November 10, 2016, the District Court issued its order denying Ring's Motion to Withdraw a Plea of Guilty and, because his Motion for Discovery was contingent on his Motion to Withdraw a Plea of Guilty, this Motion was also denied. The District Court held that Ring's Motion to Withdraw a Plea of Guilty was time barred because he failed to present a factual basis for newly discovered evidence. Further, the District Court again held that Ring had entered valid guilty pleas based on the words of the signed plea agreement and the colloquy conducted prior to entry of the plea, and that there was "no factual basis presented to conclude [Ring] entered guilty pleas because defense counsel or anyone else threatened him." Ring appeals.

¶5 Upon a showing of good cause, a district court may allow a defendant to withdraw a guilty plea before judgment or within one year after judgment of conviction becomes final. Section 46-16-105(2), MCA. This Court reviews a district court's ruling on a motion to withdraw a plea to determine whether the plea was voluntary. *State v. Muhammad*, 2005 MT 234, ¶ 12, 328 Mont. 397, 121 P.3d 521. Determining the voluntariness of a plea is not a discretionary matter, but a mixed question of law and fact to be reviewed de novo; thus, we review underlying findings of fact for clear error, questions of law for correctness, and the ultimate question of voluntariness de novo. *State v. Warner*, 2015 MT 230, ¶ 9, 380 Mont. 273, 354 P.3d 620 (citing *State v. Warclub*, 2005 MT 149, ¶¶ 17, 24, 327 Mont.

352, 114 P.3d 254); *see also State v. Lone Elk*, 2005 MT 56, ¶ 19, 326 Mont. 214, 108 P.3d 500, *overruled in part by State v. Brinson*, 2009 MT 200, ¶ 9, 351 Mont. 136, 210 P.3d 164. Finally, a defendant's claims of ineffective assistance of counsel ("IAC") are mixed questions of law and fact we review de novo. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861.

¶6    A guilty plea is valid if made knowingly, voluntarily, and intelligently. *State v. Keys*, 1999 MT 10, ¶ 12, 293 Mont. 81, 973 P.2d 812. However, a guilty plea may be withdrawn for good cause, including involuntariness. Section 46-16-105(2), MCA; *State v. McFarlane*, 2008 MT 18, ¶ 11, 341 Mont. 166, 176 P.3d 1057; *Warclub*, ¶ 16. In determining the voluntariness of guilty pleas, we apply the United States Supreme Court's standard from *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463 (1970), and we will not overturn a district court's denial of a motion to withdraw a guilty plea "if the defendant was aware of the direct consequences of such a plea, and if his plea was not induced by threats, misrepresentation, or an improper promise such as a bribe." *Warclub*, ¶ 32 (citing *Brady*, 937 U.S. at 755, 90 S. Ct. at 1472).

¶7    A motion to withdraw a guilty plea must be filed within one year after the judgment becomes final. Section 46-16-105(2), MCA. A judgment becomes final "when the time of appeal to the Montana Supreme Court expires . . . ." Section 46-16-105(2)(a), MCA. An appeal of a criminal judgment "must be taken within 60 days after entry of the judgment from which the appeal is taken." M. R. App. P. 4(5)(b)(i). A narrow exception applies when a convicted person raises a claim of actual innocence supported by evidence, which would result in a fundamental miscarriage of justice were he not allowed to withdraw his

4

guilty plea. Section 46-16-105(2), MCA; *see also State v. Montgomery*, 2010 MT 193, ¶¶ 17–18, 357 Mont. 348, 239 P.3d 929. The burden remains on the convicted person to make a showing of innocence. Section 46-16-105(2), MCA; *Montgomery*, ¶¶ 17–18.

¶8 A criminal defendant's right to counsel under the Sixth Amendment of the United States Constitution and Article II, Section 24, of the Montana Constitution includes the right to effective assistance of counsel. *Miller v. State*, 2012 MT 131, ¶ 12, 365 Mont. 264, 280 P.3d 272. We apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), to a defendant's claim of IAC. *Whitlow*, ¶ 10. The first prong of the *Strickland* test requires the defendant to show that his counsel's performance was deficient, which requires he prove that counsel's performance fell below an objective standard of reasonableness. *Whitlow*, ¶ 10 (citing *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064); *Bishop v. State*, 254 Mont. 100, 103–04, 835 P.2d 732, 734 (1992). The second prong of the *Strickland* test requires the defendant to prove that his counsel's deficient performance prejudiced the defense, which requires he demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *State v. Thee*, 2001 MT 294, ¶ 9, 307 Mont. 450, 37 P.3d 741, *overruled on other grounds by Whitlow*, ¶ 13; *State v. Turner*, 2000 MT 270, ¶ 65, 302 Mont. 69, 12 P.3d 934.

¶9 Ring argues on appeal that his plea was not entered voluntarily, intelligently, and knowingly, and that he misunderstood the nature of the plea agreement and consequences of the plea. Ring further asserts that the plea colloquy transcript is incomplete because he had a private conversation with his counsel during the change of plea hearing where he

stated that he believed he was innocent and therefore did not wish to plead guilty. Ring also argues that his attorney told Ring that if he went to trial he would be convicted. Finally, Ring argues that his motion to withdraw is not time barred because he had discovered new evidence that supports his innocence and that sealed documents filed in the record contain evidence supporting his innocence.

¶10 The State counters that Ring provides no evidence to support his claim of actual innocence or to show a fundamental miscarriage of justice would occur should he not be allowed to withdraw his guilty plea, entered in 2007. Further, the State contends that under § 46-16-105(2)(a), MCA, any motion to withdraw Ring's guilty plea is time barred. We agree.

¶11 Ring has not presented any evidence to support his claim of innocence; he merely asserts that new evidence exists. Further, when Ring signed the agreement he agreed orally and in writing that he entered the pleas knowingly, voluntarily, and competently and not because of pressure, coercion, or threats by the State or anyone else. Ring acknowledged that he reviewed the agreement and waiver of rights and that he was mentally competent and not under the influence of alcohol or other drugs. Ring has failed to support his claim of innocence or to show that a fundamental miscarriage of juice would occur were he not allowed to withdraw his pleas. *See Montgomery*, ¶¶ 17–18. Instead, he has proffered only insufficient conclusory statements that do not overcome the steep hurdle to avoid the time bar. *See Montgomery*, ¶ 18. Ring did not demonstrate good cause to withdraw his guilty pleas made in 2007. *See Warclub*, ¶¶ 16, 35; *McFarlane*, ¶ 11. Since his claim of innocence is not supported by evidence, Ring's Motion to Withdraw a Plea of Guilty must

have been entered before the judgment or within one year after the judgment became final. *See* § 46-16-105, MCA; M. R. App. P. 4(5)(b)(i); *see also Montgomery*, ¶ 16 (we have long held that there must be some finality in criminal cases).

¶12 Further, we agree with the District Court that Ring fails to support his claim that defense counsel acted coercively; instead, it appears defense counsel was merely advising Ring of his choice to plead guilty or proceed to trial. *See Turner*, ¶ 65. "There is no factual basis presented to conclude [Ring] entered guilty pleas because defense counsel or anyone else threatened him." His pleas were validly made. *See Keys*, ¶ 12.

¶13 Ring's Motion to Withdraw was filed more than six years after his conviction became final on June 3, 2008. It is therefore time barred under § 46-16-105, MCA. The District Court did not err in dismissing Ring's Motion to Withdraw his Guilty Plea and his Motion for Discovery.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact are not clearly erroneous, and the District Court's interpretation and application of the law were correct.

¶15 Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JIM RICE

7