No.  90-049

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GRIMES MOTORS, INC.,
    Plaintiff and Respondent,
-v-
JOSEPH F. NASCIMENTO,
    Defendant and Appellant.


APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis & Clark,
                The Honorable Jeffrey Sherlock, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Dennis G. Loveless, Helena, Montana

        For Respondent:

        Robert J. Sewell, Jr., Smith Law Firm, Helena,
        Montana

Submitted:  June 20, 1990

Decided:  August 20, 1990

Filed:

_____
                Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant Joseph F. Nascimento appeals from the order of the District Court of the First Judicial District, Lewis and Clark County, State of Montana, dismissing his appeal from the Justice Court order, which dismissed his motion for relief from judgment. We affirm.

The determinative issue on appeal is whether Rule 6(e), M.R.Civ.P., and Rule 6C, M.J.C.R.Civ.P., apply to an appeal from justice court to district court.

On February 22, 1989, appellant tendered a check for $518.90 to respondent for repairs to his pickup. The bank allegedly returned the check for nonsufficient funds. Appellant asserts that he stopped payment on the check because he felt that the repairs should be covered under his new vehicle warranty.

Respondent filed a complaint in the Justice Court of Lewis and Clark County, State of Montana, on April 24, 1989. The complaint named "Manuel A. (Joe) Nascimento" as defendant. Appellant was served with summons and complaint. Appellant then moved to dismiss for lack of service because appellant was incorrectly named in the complaint. On June 8, 1989, respondent amended the complaint, this time naming "Joseph F. Nascimento" as defendant. On June 27, 1989, the Justice Court denied the motion to dismiss and allowed appellant five days from that date to answer the amended complaint.

Defendant failed to file an answer. After the five day period, respondent filed a request for default due to defendant's

failure to answer. On July 28, 1989, the Justice Court granted the default. That same day, the Justice Court entered a judgment in favor of respondent and against appellant in the amount of $1,081.90, with 10% interest, and costs of $35.00, for a total of $1,116.90.

On August 4, 1989, appellant moved the Justice Court to set the default aside. Appellant's motion was supported by an affidavit which stated that appellant had filed another lawsuit in District Court which was essentially a counterclaim, and that appellant's counterclaim, when combined with the original amount in the complaint, exceeded the dollar amount under the Justice Court's jurisdiction. Appellant further alleged that he had been told by the Justice Court staff that the filing of the counterclaim would automatically transfer the case file to District Court without any additional action on his part. From this conversation, appellant understood that the entire case would be transferred to District Court.

On August 28, 1989, the Justice Court denied appellant's motion to set aside. On September 29, 1989, 32 days after the denial of appellant's motion, appellant filed a notice of appeal with the Justice Court.

After a briefing and oral argument schedule, the District Court entered an order on January 12, 1990, dismissing the appeal as untimely and granting respondent $50.00 in costs. On January 19, 1990, the District Court entered an order directing the Clerk of Court to disburse $1,262.89 of the appeal security to respondent

and remit the balance to appellant. This appeal followed.

The first issue is whether Rule 6(e), M.R.Civ.P., and Rule 6C, M.J.C.R.Civ.P., apply to an appeal from justice court to district court.

The right of appeal from justice court to district court is purely statutory. Electric Coop. Inc. v. Anhalt, 127 Mont. 71, 257 P.2d 889 (1953). Generally, unless an appeal from justice court is taken within the time and effectuated in accordance with the regulations prescribed by law, the district court has no jurisdiction. See Davis v. Bell Boy Gold Min. Co., 101 Mont. 534, 54 P.2d 563 (1936).

Section 25-33-101 through 104, MCA, exclusively governs appeals from justice and city courts to district court. Section 25-33-102, MCA, provides that a party may appeal the judgment in a civil action in justice court to district court "within 30 days after the rendition of the judgment."

Although not specifically defined by the Montana courts, numerous other jurisdictions have defined the rendition of a judgment as the judicial act of the court in pronouncing the sentence of the law, as opposed to entry of a judgment which is a ministerial act performed by the clerk of court, such as docketing, entering, or recording the judgment. See Valley Nat'l Bank of Arizona v. Meneghin, 634 P.2d 570 (Ariz. 1981); Casati v. Aero Marine Management Co., Inc., 356 N.E.2d 826 (Ill. Ct. App. 1976); Carter v. Board of Zoning Appeals, 377 S.W.2d 914 (Tenn. 1964). See State v. Mortenson, 175 Mont. 403, 574 P.2d 581 (1978), where,

4

in a criminal case, the time for an appeal from justice court to district court commenced from judgment rendered in open court. See generally Karell v. Amer. Cancer Society, 46 St.Rep. 1593, 779 P.2d 506 (Mont. 1989).

In this case, the default judgment against appellant was rendered by the Justice Court on July 28, 1989. Appellant then filed a motion to set aside the judgment. This motion suspended the commencement of the 30 day time set for appeal. The Justice Court rendered judgment upon the motion to set aside on August 28, 1989. Based upon § 25-33-102, MCA, appellant had 30 days from August 28, 1989, to file his notice of appeal. The 30th day was September 27, 1989. Appellant filed his appeal on September 29, 1989, 32 days after the date the judgment was rendered, and two days late.

Appellant argues that Rule 6(e), M.R.Civ.P., and Rule 6C, M.J.C.R.Civ.P., are applicable to this case. Appellant is mistaken. As indicated above, §§ 25-33-101 and 25-33-102, MCA, exclusively govern the time for filing the notice of appeal from justice court to district court.

The time for appeal in this case commenced with the "rendition" of the judgment of the justice court as provided in § 25-33-102, MCA. Because appellant filed his notice of appeal 32 days after judgment was rendered, the District Court properly dismissed appellant's appeal.

The second issue, whether the security posted by appellant and released to respondent should be reinstated pending this appeal and

until a final determination of this case, need not be discussed due to the resolution of the first issue.

Affirmed.

_William E Hunter_
Justice

We Concur:

_Diane G. Bur_

_John L. Sheehy_

_John Conway Harrison_

_____
Justices