**FILED**

January 31 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0561

## IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 17

_____

THE CITY OF DILLON,

      Plaintiff and Appellee,

  v.

       OPINION and ORDER

GEORGE C. WARNER,

      Defendant and Appellant.

_____

¶1     George C. Warner appeals from the District Court's orders of July 5, 2011, affirmed by the order of August 25, 2011, dismissing his appeal from proceedings in Dillon City Court in which he sought to disqualify the acting City Court judge for cause. We affirm.

### PROCEDURAL AND FACTUAL BACKGROUND

¶2     In March, 2009, the City of Dillon filed a civil action in Dillon City Court against Warner seeking to recover the costs of installation of a water meter. Dillon City Judge Virginia Compton resigned her position, and in October, 2009, John Gutcheck was appointed to serve as Judge of the Dillon City Court. Judge Gutcheck held a status conference in the case in July, 2010, during which Warner announced his intent to call Gutcheck as a witness in the case. Gutcheck recused himself and called in Justice of the Peace Gregory Mohr from Sidney, Montana, to preside over the case.

¶3     Judge Mohr ruled on several motions filed by the City and conducted a telephone scheduling conference in March, 2011. On March 25, 2011, Warner filed an affidavit of

1

disqualification against Judge Mohr under § 3-1-805, MCA. The District Court called in Justice of the Peace Dennis Giulio from Jefferson County to preside over the disqualification proceeding. On April 21, 2011, Judge Giulio issued an order that Warner's affidavit of disqualification was insufficient as a matter of law under § 3-1-805, MCA, and was therefore void as provided in § 3-1-805(1)(c), MCA. Giulio also awarded attorney fees and costs to the City as provided in § 3-1-805(1)(d), MCA. Finally, Giulio ordered that "Judge Gregory P. Mohr, will maintain jurisdiction on this case [and] [t]his Court will not address any further issues."

¶4 On May 19, 2011, Warner appealed Giulio's decision to the District Court. On July 5, 2011, the District Court dismissed the appeal and denied Warner's motion to disallow the City's request for costs and fees. The District Court held that the City Court order concerning Warner's attempt to disqualify Judge Mohr was an interim order and so was not appealable under § 25-33-102, MCA. The District Court held that Warner's objections to an award of attorney fees to the City had to be considered in City Court. On August 25, 2011, the District Court denied Warner's motion to amend the July 5 orders and on September 23, 2011, Warner filed a notice of appeal.

**STANDARD OF REVIEW**

¶5 An appeal from city court to district court is governed exclusively by statute, and unless the statutes are followed the district court lacks jurisdiction to consider the matter. Sections 25-33-101 and -102, MCA; *Grimes Motors, Inc. v. Nascimento*, 244 Mont. 147, 149, 796 P.2d 576, 578 (1990). A district court's determination of its jurisdiction is a

2

conclusion of law that this Court reviews to determine whether the interpretation of law is correct. *Stanley v. Lemire*, 2006 MT 304, ¶ 52, 334 Mont. 489, 148 P.3d 643.

## DISCUSSION

¶6 Montana statutes govern appeals from city court to district court. Section 25-33-101, MCA, provides that a "judgment or order in a civil action, except when expressly made final by this code, may be reviewed as prescribed in this chapter and not otherwise." Section 25-33-102, MCA, provides that a dissatisfied party may appeal from a "judgment rendered in a civil action" in city court "within 30 days after the rendition of the judgment." Nothing in State law expressly provides that an order on a party's attempt to disqualify a city court judge for cause constitutes a judgment or final order from which an appeal may be taken to district court. The absence of such a provision is consistent with Montana law which considers a judgment to be a final determination of the rights of the parties, so that even a partial judgment will not support an appeal. *Stanley*, ¶¶ 42, 46.

¶7 No court has entered a judgment of any kind in the present case and it is still pending with no resolution. Judge Giulio's decision was an order on a pending motion, and expressly provided that Judge Mohr "will maintain jurisdiction of this case." No other issues were addressed. The District Court properly concluded that Warner's appeal was from an interim order, not from a final judgment, and properly dismissed the appeal.

¶8 Furthermore, the District Court's orders dismissing the appeal are not appealable to this Court. An order or judgment that adjudicates fewer than all claims as to all parties and which leaves matters in the litigation undetermined is not appealable. M. R. App. P. 6(5)(a);

3

*In re Marriage of Armstrong*, 2003 MT 277, ¶ 6, 317 Mont. 503, 78 P.3d 1203 (this Court lacks jurisdiction to entertain an appeal from an action that does not finally dispose of the case). While parties are entitled under the Rules of Appellate Procedure to appeal from an "order granting or denying a motion for substitution of judge," M. R. App. P. 6(3), the present case did not involve substitution of a judge, but an attempted disqualification for cause. Substitution of a judge is governed by § 3-1-804, MCA, while disqualifications are governed by §§ 3-1-803 and -805, MCA. Warner's motion to disqualify Judge Mohr was specifically filed under § 3-1-805, MCA, as a disqualification for cause. Further, the substitution statute expressly applies only to district courts and so could not have been utilized in this case in any event. We conclude that the District Court's orders were interim orders and thus not appealable to this Court.

¶9 Accordingly, the appeal in this matter is dismissed and the case is remanded to the City Court of the City of Dillon for further proceedings. We decline to award additional attorney fees to the City on appeal.

DATED January 31, 2012.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON

4

/S/ JIM RICE