DA 12-0572

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 218N

STEPHEN R. MOCKO,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:     District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 12-20
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Stephen R. Mocko, self-represented; Eureka, Montana

       For Appellee:

          Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General; Helena, Montana

          Bernard G. Cassidy, Lincoln County Attorney; Libby, Montana

Submitted on Briefs:  July 17, 2013

Decided:   August 6, 2013

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Stephen Mocko appeals the Nineteenth Judicial District Court's August 27, 2012 denial of his motion to amend his petition for postconviction relief. Mocko argues that the Lincoln County Justice Court lacked jurisdiction over the criminal case against him, that the criminal court failed to establish a factual basis for his guilty plea, and that he received ineffective assistance of counsel during the criminal proceedings. He argues that the District Court abused its discretion when it summarily denied his petition and refused to allow him to amend it. We affirm.

¶3     In October 2009, Mocko was charged in Lincoln County Justice Court with misdemeanor Driving Under the Influence of Alcohol, second offense. The citation, written by a Lincoln County Sheriff's Deputy, indicates that Mocko had a broken taillight and was swerving on "Hwy 37 – River Dr." Mocko eventually entered into a written plea agreement with the State, pursuant to which he agreed to plead nolo contendere to Reckless Driving in exchange for the State's dismissal of the DUI charge. Mocko was represented by counsel at the time the plea agreement was signed, though he also

2

appeared pro se at times during the pendency of the case. While he had filed several pretrial motions, Mocko did not reserve his right to appeal any of the Justice Court's adverse rulings. His written plea agreement stated his acknowledgment that "there is a factual basis to believe that I am guilty of each offense, and that the violations occurred within Lincoln County." In addition, the plea agreement expressly waived "the right to object to and move for the suppression of any evidence that may have been obtained in violation of the law or constitution."

¶4 On February 2, 2011, as agreed, Mocko entered his nolo contendere plea to Reckless Driving and the State moved to dismiss the DUI charge. The court imposed judgment the same day; in accordance with the plea agreement, it sentenced Mocko to ninety days in the county detention facility, all of which was suspended, fined him $300 plus surcharges, and ordered Mocko to complete a chemical dependency assessment. No appeal was taken.

¶5 On February 2, 2012, Mocko filed a petition for postconviction relief, along with a seventy-page supporting memorandum and a motion to vacate the judgment. Mocko claimed that the Justice Court lacked jurisdiction to adjudicate the charge against him because the charging instrument was invalid and the State never filed a new document charging him with Reckless Driving; that the Justice of the Peace acted outside her jurisdiction by failing to disqualify herself after Mocko filed an affidavit of prejudice; that the State violated his constitutional rights by failing to provide him with evidence in its possession; that there was insufficient colloquy at the change of plea hearing to

establish a factual basis for the charge of Reckless Driving; and that Mocko was denied effective assistance of counsel. The District Court denied Mocko's original petition on April 2, 2012, without a hearing. His subsequent motion to alter or amend was deemed denied.

¶6 Mocko sought leave to amend his petition to raise another claim of ineffective assistance on the ground that his counsel failed to inform him that the plea agreement could reserve the right to appeal the pretrial rulings against him. The District Court denied the motion, ruling it untimely and without merit. Mocko's appeal reiterates the claims raised in his original petition and argues that the District Court abused its discretion by denying him leave to amend.

¶7 We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and whether its legal conclusions are correct. *Rukes v. State*, 2013 MT 56, ¶ 8, 369 Mont. 215, 297 P.3d 1195. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Rogers v. State*, 2011 MT 105, ¶ 15, 360 Mont. 334, 253 P.3d 889 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984)). In the context of a claim of a plea of guilty, the petitioner "must establish prejudice by showing 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hardin v. State*, 2006 MT 272, ¶ 18, 334 Mont. 204, 146 P.3d 746 (citations omitted). A court's determination of its jurisdiction is a

conclusion of law that this Court reviews to determine whether the interpretation of law is correct. *City of Dillon v. Warner*, 2012 MT 17, ¶ 5, 363 Mont. 383, 272 P.3d 41.

¶8 The record demonstrates that the Justice Court had jurisdiction. The original citation was adequate to confer jurisdiction on the court and to "reasonably apprise the accused of the charges against him, so that he may have the opportunity to prepare and present his defense." *State v. Wilson*, 2007 MT 327, ¶ 19, 340 Mont. 191, 172 P.3d 1264 (citation omitted); § 46-11-401, MCA. Mocko thereafter agreed that the facts would show the offense occurred in Lincoln County. Once the parties entered into a formal plea agreement, the court had authority to accept the plea agreement and to impose sentence on the Reckless Driving offense. *See* § 46-12-211, MCA. Having entered a plea of nolo contendere, Mocko waived all non-jurisdictional defects or defenses, including claims of constitutional violations that occurred before the plea. *Ellenburg v. Chase*, 2004 MT 66, ¶ 21, 320 Mont. 315, 87 P.3d 473. Mocko's filings demonstrate that he had raised many of his concerns prior to the entry of his plea. In response to one filing, the Justice Court advised him that his remedy if he disagreed with its rulings was to conclude the case in that court and, if convicted, to appeal for a trial de novo in District Court. Mocko elected to plead instead.

¶9 Finally, Mocko has not demonstrated error in the District Court's denial of his motion to amend his petition for postconviction relief. Mocko argues that the postconviction court improperly ruled his motion untimely because the court failed, in violation of the postconviction statutes, to set a deadline for amendment of the petition.

On the merits, he claims that his counsel was ineffective by failing to advise him that he could reserve his right to appeal the court's unfavorable pretrial rulings and states that he only recently became aware that this possibility existed. Thus, he argues that he should have been allowed to amend his petition to prove his claim of ineffective assistance. As the District Court observed, however, even if Mocko could demonstrate that the State would have agreed to, and the court would have approved, the reservation of issues for appeal, he has not shown prejudice as required by *Strickland*. Mocko's motion to amend stated that but for counsel's failure to inform him of the opportunity, Mocko "would have reserved these issues." He has not shown that he would have insisted on going to trial. Moreover, he has not established a likelihood that those claims would have succeeded on appeal. The District Court aptly noted that Mocko could not demonstrate how he was prejudiced by his lawyer's success in getting a second offense DUI charge dismissed in exchange for a plea to Reckless Driving. Mocko's plea agreement indicates he fully understood the benefit of his bargain when he entered his plea.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Mocko entered a knowing and voluntary plea in exchange for a substantial benefit. He has not met his burden on appeal to demonstrate error in the District Court's conclusion that his challenges have been waived or lack merit. The District Court correctly applied the law and did not abuse its discretion in denying Mocko's petition for postconviction relief and motion to amend.

6

¶11    Affirmed.


                                        /S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS