DA 13-0467

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 121

DIANE GUETHLEIN,

      Plaintiff and Appellee,

   v.

FAMILY INN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-13-176
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joshua S. Van de Wetering; Van de Wetering Law Offices;
Missoula, Montana

      For Appellee:

          Terry A. Wallace; Wallaw; Missoula, Montana

                Submitted on Briefs:  March 26, 2014
                      Decided:  May 7, 2014

Filed:

                            _____
                                   Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Family Inn appeals from the order of the Fourth Judicial District Court, Missoula County, dismissing its appeal from the judgment entered against it by the Justice Court. Diane Guethlein (Guethlein) filed a motion to dismiss the appeal as untimely under § 25-33-102, MCA, and for Family Inn's failure to file an undertaking or cash bond as required by § 25-33-201, MCA.  The District Court granted dismissal "for the reasons stated in [Guethlein's] briefs."

¶2    We reverse and remand after addressing the following issue:

¶3    *Did the District Court err by granting Guethlein's motion to dismiss Family Inn's appeal from Justice Court?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4    Guethlein rented an apartment from Family Inn, a residential motel, on January 10, 2011.  Pursuant to the lease, Guethlein provided a $500 security deposit.  Her tenancy terminated and she moved out around May 13, 2011.  Guethlein asked a friend who had also lived at Family Inn how her security deposit was returned.  The friend told Guethlein that her deposit had been delayed and wasn't returned until more than 80 days after the tenancy had ended, and that $50 was deducted for carpet cleaning.  She recommended Guethlein seek legal assistance in getting her deposit back.

¶5    With the aid of counsel, Guethlein filed suit against Family Inn in August 2011, for failing to return her security deposit within 30 days pursuant to the Montana Residential Tenants' Security Deposits Act.  *See* § 70-25-202(1), MCA.  Guethlein

2

asserted that, by failing to return the security deposit within 30 days, Family Inn forfeited any right to make deductions from the deposit pursuant to § 70-25-203, MCA, and she demanded return of the full $500 deposit. Guethlein also alleged that the "willful and wanton refusal" to return the deposit was a violation of the Montana Consumer Protection Act, entitling her to treble damages and attorney fees.

¶6 Family Inn answered on August 19, 2011, though a copy was not provided to Guethlein.[1] In its Answer, Family Inn stated it did not have an address for Guethlein but had sent a check for $450 to Guethlein's attorney, though no date was provided for when this was done. Family Inn stated that $50 had been deducted from the deposit for carpet cleaning, as the lease contained a provision requiring professional carpet cleaning of all units.

¶7 The parties proceeded with informal discovery under the Justice and City Court Rules of Civil Procedure. However, Family Inn, then unrepresented by counsel, failed to provide discovery for nearly three months, prompting Guethlein to file a motion to conduct formal discovery, which was granted on January 10, 2012. Family Inn continued to ignore formal discovery requests, resulting in entry of an order compelling discovery on June 19, 2012. This order also granted Guethlein her attorney fees and costs as a sanction against Family Inn. On August 7, 2012, Guethlein filed a motion for sanctions, alleging that, although Family Inn had provided a couple of documents following the order compelling discovery, it had failed to answer any interrogatories or provide a

---

[1] Guethlein filed a Request for Default Judgment on August 24, 2011, at which time she learned of the filing of Family Inn's Answer.

3

significant amount of requested documentation Family Inn admitted to possessing. This motion requested that default judgment be granted against Family Inn pursuant to M.J.C.C.R. Civ. P. 13B, as well as attorney fees and costs. Family Inn was given until August 21, 2012, to respond to the motion and on that date, counsel for Family Inn filed a Notice of Appearance and a response to the motion for sanctions. Counsel argued that default judgment could only be granted as a sanction under Rule 13B for "serious abuse" of the process, and in this case Family Inn's actions were "substantially justified." The response also requested that a status hearing be scheduled.

¶8      A hearing on the motion for sanctions and status hearing was scheduled for October 31, 2012. Guethlein appeared, but Family Inn did not. The court granted the motion for sanctions, entering judgment in favor of Guethlein for the entire $500 deposit, treble damages, prejudgment interest, and attorney fees and costs. On November 8, 2012, the court issued a Writ of Execution for $7,255.27. Satisfaction of Judgment was entered on December 7, 2012.

¶9      On November 27, 2012, Family Inn filed a motion for relief from judgment in Justice Court pursuant to M.J.C.C.R. Civ. P. 22 (Rule 22), arguing that the failure of counsel to appear at the hearing was simply a mistake and should be considered excusable. Though Rule 22 requires the Justice Court to hold a hearing on the motion within 10 days, Family Inn affirmatively waived that time limit in its motion. The Justice Court denied the motion, without hearing, on January 9, 2013. Family Inn filed a notice of appeal to the District Court on February 6, 2013.

4

¶10     Guethlein filed a motion to dismiss the appeal on May 7, 2013. She argued that the appeal was not filed within 30 days of the entry of judgment, as required by statute and rule, noting that the notice of appeal had been filed over three months after entry of judgment, and was therefore untimely. Although the judgment had already been satisfied, Guethlein also argued that Family Inn's failure to file an undertaking or cash bond required dismissal. The District Court granted the motion to dismiss on June 12, 2013. Family Inn timely appealed.

## STANDARD OF REVIEW

¶11     The right to appeal in district court from a justice court decision is purely statutory. Unless the appeal is taken within the time prescribed by law, the district court has no jurisdiction over the matter. *Grimes Motors v. Nascimento*, 244 Mont. 147, 149, 796 P.2d 576, 578 (1990). A district court's determination of its jurisdiction is a conclusion of law which we review to determine if the district court's interpretation of law is correct. *City of Dillon v. Warner*, 2012 MT 17, ¶ 5, 363 Mont. 383, 272 P.3d 41.

## DISCUSSION

¶12     *Did the District Court err by granting Guethlein's motion to dismiss Family Inn's appeal from Justice Court?*

### A.     Timeliness

¶13     Rule 22 provides that a judge may relieve a party from a judgment taken "by mistake, inadvertence, surprise, or excusable neglect." Relief must be requested within 30 days of entry of the judgment. Regarding appeals to the district court, § 25-33-102, MCA, provides:

Any party dissatisfied with the judgment rendered in a civil action in a city or justice's court may appeal therefrom to the district court of the county at any time within 30 days after the rendition of the judgment.

No statute or rule provides guidance about the interplay between these two provisions.

¶14 Family Inn argues that the timeline for filing a notice of appeal in the District Court was suspended while the Rule 22 motion for relief from judgment was pending. It argues that, until the motion was resolved, there was not yet a final judgment from which to appeal because the matters between the parties were not "conclusively determine[d]," citing M. R. App. P. 4(1)(a). It also argues that filing an appeal in District Court would divest the Justice Court of jurisdiction to decide the motion for relief from judgment. Guethlein argues that Rule 22 and the statute can be reconciled. Because Rule 22 requires a justice court to hold a hearing "within 10 days after receipt" of the request for relief, a party can request relief in Justice Court, get an answer within 10 days, and still have time within the 30-day statutory period to appeal. However, "you take your chances if you wait too long to file, because the 30 day appeal clock continues to run and you might not get the hearing contemplated by the rule."

¶15 Though not cited by either party, our decision in *Grimes Motors* requires a determination in favor of Family Inn. There, we stated that a motion to set aside a judgment in justice court "suspended the commencement of the 30 day time set for appeal." *Grimes Motors*, 244 Mont. at 150, 796 P.2d at 578. Although the question of whether a motion to set aside a justice court judgment tolled or suspended the 30-day appeal time was not specifically raised, our determination of the proper time for

6

appealing under § 25-33-102, MCA, necessarily encompassed that issue. We concluded that the 30-day statutory time for appeal did not begin until the justice court had issued its order on the motion to set aside the judgment. *Grimes Motors*, 244 Mont. at 150, 796 P.2d at 578.

¶16 The doctrine of *stare decisis* protects the stability and predictability of law in order to ensure equal treatment. *State v. Gatts*, 279 Mont. 42, 51, 928 P.2d 114, 119 (1996). Though *stare decisis* is not a rigid doctrine preventing reexamination of past cases, "weighty considerations underlie the principle that courts should not lightly overrule past decisions." *Certain v. Tonn*, 2009 MT 330, ¶ 19, 353 Mont. 21, 220 P.3d 384 (citation omitted). *Stare decisis* provides the "preferred course" when faced with viable alternatives. *State v. Demontiney*, 2014 MT 66, ¶ 17, 374 Mont. 211, __ P.3d __.

¶17 *Grimes Motors* has not here been challenged and the doctrine of *stare decisis* requires that we follow our determination in that case that the 30-day appeal time did not begin until the Justice Court entered its order denying the request for relief from judgment. That order was entered on January 9, 2013, and the notice of appeal was filed on February 6, 2013—28 days later—and was thus timely filed.

### B. Undertaking

¶18 In her briefing to the District Court, Guethlein summarily stated that "[Family Inn] has filed no undertaking, with two or more sureties, in a sum equal to twice the amount of judgment, nor has [Family Inn] filed a cash bond equal to the judgment, plus costs." However, it is unclear from the District Court's order whether it ruled upon this issue, as

7

it merely stated the appeal was dismissed for "the reasons stated in [Guethlein's] briefs." Guethlein did not further this argument before this Court.

¶19 Guethlein may have been referring to § 25-33-201(1), MCA, which states that "an appeal from a justice's or city court is not effectual for any purpose unless an undertaking is filed." Section 25-33-205, MCA, allows a deposit in the court "of the amount of the judgment appealed from plus $300" to substitute for the undertaking.

¶20 The purpose of an undertaking is for the appellant to agree to "pay the amount of the judgment appealed from and all costs if the appeal is withdrawn or dismissed or the amount of any judgment and all costs that may be recovered against the appellant in the action in the district court." Section 25-33-201(1), MCA; *see also* M. R. App. P. 23 (stating a district court may require an appellant to file an undertaking "to insure payment of costs on appeal."). Though Family Inn did not file an undertaking or cash bond, the judgment was satisfied in full prior to the filing of the notice of appeal. An undertaking and execution of judgment are not simultaneously permitted. Section 25-33-204, MCA, provides:

> If an execution is issued, on the filing of the undertaking, the justice or judge shall direct the officer to stay all proceedings on the execution. The officer shall . . . relinquish all property levied upon and deliver the property to the judgment debtor, together with all money collected from sales or otherwise.

Thus, if Family Inn had filed an undertaking or cash bond, it appears Guethlein would have had to return the funds from the execution of judgment. Based on the limited

authority and argument presented, the satisfaction of judgment should be considered a substitute for the filing of an undertaking in this case.

¶21 As the notice of appeal was timely filed, and no undertaking was required due to the satisfaction of judgment, we reverse the District Court's dismissal of Family Inn's appeal and remand for further proceedings.[2]


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT

---

[2] Nothing has been presented to suggest this case has been mooted. *See Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 41, 364 Mont. 390, 276 P.3d 867 (appellant's failure to post a *supersedeas* bond or stay disbursement of interpleaded funds, which were paid to a third party, did not moot the matter because of the possibility of a restitution claim.).