FILED

10/10/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0083

DA 17-0083

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 251N

KING ARTHUR PARK, LLP,

        Plaintiff and Appellee,

    v.

DANIEL W. ROSECRANCE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 16-866C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Daniel W. Rosecrance, Self-Represented, Belgrade, Montana

        For Appellee:

            Paul Grigsby, PLLC, Attorney at Law, Bozeman, Montana

Submitted on Briefs:  July 26, 2017

Decided:  October 10, 2017

Filed:

                                  Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Daniel W. Rosecrance and Brenda Carson (together, Rosecrance) appeal an order of the Eighteenth Judicial District Court, Gallatin County, dismissing their appeal. We affirm.

¶3     Defendant Rosecrance rented a mobile home lot (Lot) from Plaintiff King Arthur Park, LLP (King Arthur). On May 23, 2016, King Arthur filed a complaint against Rosecrance in Justice Court seeking possession of the Lot and money damages. Rosecrance was served on June 2, 2016, and thereafter had ten days to respond. Rosecrance did not respond or otherwise appear. Subsequently, on June 27, 2016, King Arthur asked the Justice Court to enter default, which it did on June 30, 2016. Approximately three months later King Arthur filed a Motion for Default Judgment in Justice Court, which was granted on October 3, 2016. On October 7, 2016, Rosecrance was served with the default judgment and eviction orders.

¶4     Rosecrance appeared before the Justice Court for the first time on October 14, 2016, when he filed a document describing alleged agreements made between Rosecrance's company, Wolf Song, and King Arthur. Rosecrance also filed a document containing multiple attachments on November 7, 2016. Both documents made factual allegations and

cited various statutes, but neither mentioned the June entry of default or the October default judgment.

¶5 On November 7, 2016, the Justice Court issued writs of assistance to have Rosecrance removed from the Lot, and the Sheriff removed Rosecrance on November 9, 2016. Rosecrance then filed a notice of appeal on November 13, 2016, and the case was subsequently transferred to District Court on November 17, 2016. In District Court, Rosecrance filed an Emergency Rule 60(b) Motion for Relief from Judgment or Order (Rule 60(b) Motion) on November 21, 2016. The District Court reasoned, and we agree from our review of the record, that Rosecrance intended the Rule 60(b) Motion to serve as an appeal from the Justice Court's October 3, 2016, entry of default judgment in King Arthur's favor. King Arthur responded, asking the District Court to dismiss Rosecrance's Rule 60(b) Motion. The District Court dismissed Rosecrance's appeal on two grounds: (1) for failure to file a timely appeal pursuant to § 25-33-102, MCA; and (2) because the Justice Court's judgment was not appealable pursuant to § 25-33-303, MCA.

¶6 Rosecrance appeals the District Court's dismissal of his appeal from Justice Court. Rosecrance raises multiple issues on appeal, including arguments that the District Court failed to admit or consider offered evidence; King Arthur's original complaint and summons were based on fraudulent statements; he was denied discovery; King Arthur engaged in unfair and deceptive trade practices; and Due Process required an evidentiary

3

hearing prior to the District Court's Judgment. King Arthur argues the District Court properly dismissed Rosecrance's appeal from Justice Court.[1]

¶7 This Court does not consider "issues not raised before the trial court and new legal theories," *State v. Montgomery*, 2010 MT 193, ¶ 11, 357 Mont. 348, 239 P.3d 929, and therefore we focus our decision today on whether the District Court's dismissal of Rosecrance's appeal was proper. First, we consider whether the District Court correctly dismissed Rosecrance's appeal from Justice Court pursuant to § 25-33-102, MCA. Section 25-33-102, MCA, requires a party appeal a justice court's judgment to district court "within 30 days after the rendition of the judgment." A party's right of appeal from justice court to district court is purely statutory. *Guethlein v. Family Inn*, 2014 MT 121, ¶ 11, 375 Mont. 100, 324 P.3d 1194. Therefore, a district court only has jurisdiction over a matter from justice court if the matter is appealed within the statutorily prescribed time period. *Guethlein*, ¶ 11. The Justice Court entered default judgment on October 3, 2016, and Rosecrance was served with the judgment on October 7, 2016. Rosecrance filed a notice of appeal on November 13, 2016, and then filed the Rule 60(b) Motion on November 21, 2016. Rosecrance did not appeal the Justice Court's judgment to the District Court within 30 days of the Justice Court's judgment. Therefore, Rosecrance's appeal was not timely. The District Court properly dismissed Rosecrance's appeal pursuant to § 25-33-102, MCA.

---

[1] Rosecrance requested a time extension to file his reply brief. This Court granted the time extension and Rosecrance's reply brief was due June 16, 2017. Rosecrance did not file his reply brief by the deadline, but on June 23, 2017, asked for another time extension. This Court denied the time extension and the case was deemed submitted on Rosecrance's opening brief and King Arthur's answer brief.

¶8 Second, we consider whether the District Court correctly determined that the default judgment in Justice Court was not appealable pursuant to § 25-33-303, MCA. Section 25-33-303, MCA, only allows a party to appeal a justice court's judgment by default "on questions of law which appear on the face of the papers or proceedings" or when the justice court "abused its discretion in setting aside or refusing to set aside a default or judgment." Upon review of the record, there were no questions of law presented on the face of the Justice Court's papers or proceedings. Rosecrance's factual allegations and citations to various sections of Montana Code Annotated do not present questions of law that the District Court can review. Furthermore, the Justice Court did not abuse its discretion in refusing to set aside the default or judgment, because Rosecrance never requested the Justice Court do so. The District Court properly determined the default judgment was not appealable pursuant to § 25-33-303, MCA.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶10 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

5