FILED

07/15/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0531

DA 24-0531

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 154N

HOMERIVER GROUP,

      Plaintiff and Appellee,

  v.

ANDERS BUSINESS SOLUTIONS, LLC,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-24-457
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Charles H. Carpenter, Carpenter Law Firm, PLC, Missoula, Montana

     For Appellee:

        Joseph D. Houston, Jones & Houston, PLLC, Missoula, Montana

Submitted on Briefs:  April 30, 2025

Decided:  July 15, 2025

Filed:

                                 _____
                                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Anders Business Solutions, LLC (ABS) appeals the Fourth Judicial District Court's order affirming the Missoula County Justice Court's entry of default and order for possession of property and its order striking documents from the record. We affirm.

¶3    HomeRiver Group, a property management company, filed a verified complaint for unlawful detainer against ABS in the Justice Court on April 15, 2024, and served ABS the following day. The complaint alleged in part that ABS was subject to a month-to-month lease; it failed to pay rent; HomeRiver gave ABS a written 30-day notice of termination and non-renewal of the lease; ABS failed to vacate the premises; and HomeRiver was entitled to immediate possession. In accordance with § 70-27-114, MCA, the summons served with the verified complaint notified ABS that it was required to file an answer within ten days and that failure to appear or answer would result in default judgment. An individual named Kris Hawkins (who is not a licensed attorney) attempted to file motions on behalf of ABS on April 18, 2024, arguing that the court lacked personal and subject matter jurisdiction.

2

¶4     The next day, the court ordered Hawkins to document her authority to represent ABS because she is not an active attorney authorized to practice law.  It reasoned that although an entity generally may not appear in court except through a licensed attorney, a statutory exception allows a member of an LLC with a majority interest to represent the LLC in justice court.  The court ordered Hawkins to provide documentation that "they (1) are a member of that LLC with a majority interest, and (2) that the articles of organization do not prohibit them from representing the LLC in Court."  It further ordered that Hawkins either provide this documentation or withdraw the motion by 5 p.m. on Friday, April 26, or she would be held in contempt.

¶5     On April 23, 2024, Hawkins filed a one-page declaration and attached two exhibits. The declaration stated that Anderson Trust is a member with a majority interest in ABS; that Kris Hawkins and Terry Wallace are the co-trustees of Anderson Trust; and that the articles of organization of ABS do not prohibit a majority interest member in the LLC from representing the LLC in justice court.  The first exhibit was the 2024 Annual Report for ABS from the Secretary of State website, which showed that ABS was a manager-managed entity; listed a Tulsa, Oklahoma address for its manager Anderson Trust as the mailing address of its principal office; and identified a Missoula, Montana address as the physical address of its principal office.  The second exhibit was the 2015 Articles of Organization for ABS, which listed the LLC as a manager-managed LLC with Jim Davenport as the manager.  Hawkins then proceeded to file an answer and demand for jury trial, listing numerous affirmative defenses.

¶6     On April 30, 2024, the court concluded that the evidence Hawkins presented failed to demonstrate her authority to represent ABS.  It explained that the 2024 Annual Report showed Anderson Trust only as the manager of a manager-managed LLC, and the original Articles of Organization for ABS listed Jim Davenport as the manager of the LLC.  Because the Anderson Trust "appears to be an Oklahoma entity, lacking in corporal form, and thus not able to appear as an attorney[,]" it found that Hawkins's evidence did not demonstrate that she has a majority interest in ABS.  It thus ordered all documents filed by Hawkins stricken from the record, gave ABS until May 10, 2024, to file an answer or other appearance through an attorney or a person authorized to do so, and warned that failure to do so would subject ABS to entry of default.  On May 8, 2024, the court (in a separate order not at issue on appeal) reiterated that ABS had not filed an answer or any other response and would be subject to default if not addressed by the end of the day on May 10, 2024.

¶7     On May 10, 2024, Hawkins filed a declaration for disqualification against the Justice of the Peace, alleging in part personal bias, prejudice, and error in his striking the filings by Hawkins.  The court, reiterating that Hawkins was not a party to the action, set aside her request as void.

¶8     On May 13, 2024, HomeRiver filed a request for entry of default and order of possession, which the Justice Court granted the next day.  The court also signed a writ of assistance for HomeRiver's possession of the premises. On May 17, 2024, Hawkins filed a petition for writ of supervisory control with this Court, requesting that we vacate the

4

April 30 Order that found her without authority to represent ABS.  We denied the petition. *Anderson Tr. v. Just. Ct. of Rec., Missoula Cnty.*, No. OP 24-0310, 417 Mont. 554, 550 P.3d 787 (May 29, 2024).

¶9      On May 20, 2024, counsel for ABS entered a notice of appearance, filed an appeal to the District Court, and moved the Justice Court to stay the proceedings while the matter was pending on appeal.  ABS did not file an undertaking with the motion to stay.  The Missoula County Sheriff executed the writ of assistance on May 22, 2024, putting HomeRiver in possession of the premises.  The same day, the Justice Court ruled on ABS's motion to stay.  Noting that ABS did not request the court to set aside default, the Justice Court observed that the Montana Uniform Municipal Court Rules of Appeal to District Court applied because it is a Justice Court of Record.  *See* § 3-10-115(4), MCA.  Under these rules, an undertaking was required before the order for possession could be stayed. U.M.C.R.App. 6(a)(3).  The court set the undertaking at $8,800 and stated that upon posting of the undertaking, it would issue a stay on the matter pursuant to U.M.C.R.App. 7(a)(2).  The court noted, however, that it had been divested of jurisdiction.[1] On May 23, 2024, HomeRiver notified the court that the sheriff had executed the writ of assistance the previous day.  ABS asserted in District Court filings that it posted the $8,800

---

[1] The court stated that it "would have expected . . . that counsel would have asked to set aside the recently entered default and accompanying order of eviction[,]" explaining that there "are probably arguments to be made regarding good cause.  The law is remarkably favorable to those seeking to set aside defaults.  Alas, this Court would no longer have jurisdiction to entertain such a motion."

undertaking on May 23, 2024.  On appeal, the District Court affirmed the Justice Court's order striking filings, entry of default, and order of possession.

¶10　"On appeal from a justice court of record, district courts function as intermediate appellate courts with review confined to the record and questions of law."  *State v. Thibeault*, 2021 MT 162, ¶ 6, 404 Mont. 476, 490 P.3d 105 (citing §§ 3-5-303, 3-10-115(1), MCA).  The district court reviews factual findings for clear error, conclusions of law for correctness, and discretionary rulings for abuse of discretion.  *Thibeault*, ¶ 6.  Applying the same standards of review, we examine the record independently of the district court's decision and review the case as if the appeal originally had been filed in this Court.  *Stanley v. Lemire*, 2006 MT 304, ¶ 26, 334 Mont. 489, 148 P.3d 643.  "Our ultimate determination is whether the district court, in its review of the trial court's decision, reached the correct conclusions under the appropriate standards of review."  *Stanley*, ¶ 26.

¶11　A threshold issue in this appeal is whether the Justice Court should have allowed Hawkins to appear on behalf of ABS.[2]  An LLC is a legally distinct entity that may be sued and bring suit in its own name, but an "LLC generally may not appear in court pro se through one of its members."  *Sagorin v. Sunrise Heating & Cooling, LLC*, 2022 MT 58, ¶ 11, 408 Mont. 119, 506 P.3d 1028.  "Non-lawyers who attempt to represent corporations

---

[2] Our order denying supervisory control does not, as HomeRiver contends, bar ABS's claim on appeal under collateral estoppel principles.  It was not a "final judgment on the merits" as required for issue preclusion.  *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 18, 331 Mont. 281, 130 P.3d 1267.  Although we declined to exercise supervisory control, we did not issue any final judgment as contemplated by the doctrine of collateral estoppel to preclude ABS raising this issue now.  Our acceptance of and ruling on Hawkins's pro se supervisory control petition also is not dispositive of her authority to represent ABS in the Justice Court.

or partnerships in court are guilty of contempt of court." *Sagorin*, ¶ 11. "The Legislature has carved out a specific exception to this general rule: a member with a majority interest in an LLC has the authority to represent the LLC in a justice court or small claims court." *Sagorin*, ¶ 11 (citing §§ 35-8-301(5), 25-35-505(3)(e), 25-31-601(3), MCA).[3] "Except as provided in 35-8-301, a member with a majority interest in a limited liability company as defined in 35-8-102 may act as attorney for the limited liability company." Section 25-31-601(3), MCA. "Unless the articles of organization state otherwise, a member with a majority interest in the limited liability company may represent the limited liability company" in justice court and small claims court pursuant to the relevant statutory provisions. Section 35-8-301(5), MCA.

¶12 On appeal, ABS continues to assert that Anderson Trust is the majority member of ABS and that Hawkins may represent ABS as the trustee of Anderson Trust. Citing § 25-31-601(2), MCA, it contends that "any person . . . may act as an attorney for a party" in justice court and that Hawkins as trustee could litigate pro se for the LLC or the trust. Because "the party" is an LLC, however, § 25-31-601(3), MCA, clearly requires that only a member with a majority interest may represent the LLC in justice court. The legal arguments that Hawkins advances (including assertions that a trustee may represent a trust in court pro se) overlook the central obstacle in this case—she never provided the Justice

---

[3] *Sagorin* is not, as ABS asserts, "completely irrelevant[.]" Although it dealt with a non-attorney attempting to represent an LLC in district court, it accurately stated the general rule and narrow exception at issue here. *Sagorin*, ¶¶ 3-4, 11.

Court with the requisite documentation to show that she was a majority member of ABS and thus allowed to appear as a non-attorney in justice court.

¶13    First, the exhibits she provided do not show that Anderson Trust is a member with a majority interest in ABS.  The articles of organization do not mention Anderson Trust.  The exhibit she attached—ABS's 2024 Annual Report—shows only that Anderson Trust is the manager of the LLC.  Section 35-8-102(19), (21), MCA, provides different definitions for managers and members in an LLC.  A manager is not the same thing as a member.  Indeed, a manager is not necessarily even a member of an LLC.  *Compare* § 35-8-102(19), MCA (defining a "manager" as a "person who, whether or not a member of a manager-managed company, is vested with authority under 35-8-301") *with* § 35-8-102(21), MCA (defining "member" as a "person who has been admitted to membership" in an LLC).  The 2024 Annual Report provides no information about the members of ABS.  Although a manager is defined as someone with the authority vested in § 35-8-301, MCA, that statute—which governs agency power of members and managers—specifically allows only a *member* with a majority interest in the LLC to represent the LLC in justice court or small claims court.  Section 35-8-301(5), MCA.

¶14    Moreso, even if Anderson Trust *was* a majority member, Hawkins provided the Justice Court with no documentation to demonstrate that she is a trustee of Anderson Trust with the *specific power* to take the actions enumerated in § 72-38-816(6), (24), MCA.  *See* § 72-38-816, MCA, *Annotations*, Official Comments (2023) ("This section enumerates specific powers *commonly included* in trust instruments and in trustee powers legislation.

8

All the powers listed *are subject to alteration* in the terms of the trust.") (emphasis added). The evidence that she presented, other than her own declaration, told the court nothing of the Anderson Trust or of the specific powers granted to its trustees. We need not address today whether an individual, non-attorney trustee may appear in justice court on behalf of a trust that is a majority member in an LLC. The evidence presented by Hawkins fails to provide the requisite support to even reach this legal argument. The Justice Court did not err when it ordered Hawkins's filings stricken from the record and did not permit her to represent the LLC, absent evidence showing otherwise.

¶15    ABS raises several arguments that the Justice Court erred in entering default. On an action for unlawful detainer, if "the defendant does not appear and defend within 10 days of service, the court *shall* enter the defendant's default and enter judgment in favor of the plaintiff as requested in the complaint." Section 70-27-117, MCA (emphasis added). M.J.C.C.R.Civ.P. 22A, applicable here, allows a judge to

> relieve a party from any judgment or other order taken against the party by mistake, inadvertence, surprise, or excusable neglect, but the application for relief must be made within 30 days after entry of the judgment and upon an affidavit showing good cause for it. The party applying for relief shall serve the application and give notice of hearing to all other parties. The court shall set a hearing within 10 days after receipt of the application.

*See CBM Collections, Inc. v. Ferreira*, 2005 MT 170, ¶ 10, 327 Mont. 479, 115 P.3d 211 (reasoning that justice courts follow the Montana Justice and City Court Rules of Civil Procedure, not the Montana Rules of Civil Procedure). "There is no appeal from a judgment by default rendered in a municipal court except on questions of law which appear on the face of the papers or proceedings and except in cases when the municipal court has

9

abused its discretion in setting aside or refusing to set aside a default or judgment." U.M.C.R.App. 4(f).

¶16    ABS contends that its actions demonstrate a clear intent to defend the lawsuit, and this should prevent the entry of default even if not fully compliant with the procedural rules. ABS cites no case authority for this proposition. This Court will not conduct legal research on behalf of a party. *State v. Cybulski*, 2009 MT 70, ¶ 13, 349 Mont. 429, 204 P.3d 7. ABS further argues that the court gave it only five days to retain an attorney, "entered default against [ABS] as a sanction for [its] inability to retain counsel in five days[,]" and violated due process of law.

¶17    ABS mischaracterizes the record. On April 19, the court gave Hawkins until April 26 to show her authority to represent ABS. Its April 30 order ruled that Hawkins had not shown such authority and warned ABS that it had until May 10 to file an answer or appearance through an authorized attorney. The court repeated this warning on May 8 in response to Hawkins's separate filings. Nothing supports the assertion that the Justice Court's entry of default was a "sanction" for inability to retain counsel. Rather, it gave Hawkins extra time to show her authority to represent ABS, and when she failed to show such authority, followed the mandatory, statutory procedure for entry of default. Section 70-27-117, MCA. In total, the time between service and the entry of default was April 16 to May 14. ABS was given adequate notice that failure to answer or appear would result in default; the court gave Hawkins time for the opportunity to be heard regarding her authority to represent ABS; and it subsequently gave ABS the statutorily required time to

answer before entering default. *In re Marriage of Fishbaugh*, 2002 MT 175, ¶ 15, 310 Mont. 519, 52 P.3d 395 ("The essential elements of due process are notice and the opportunity to be heard.").

¶18 ABS argues that—under U.M.C.R.App. 7(a)(3)—it ultimately posted the undertaking, the court was required to stay the proceedings, and the execution officer was required to deliver the property to ABS despite the sheriff already having executed the writ of assistance. HomeRiver counters that this rule does not apply to executions on real property. We need not address today the impact of a party posting an undertaking *after* the execution on a writ of assistance for real property. Once ABS retained counsel, it could have moved to set aside the default or for relief under M.J.C.C.R.Civ.P. 22A but did not do so. Instead, it moved the court to "stay proceedings while the matter is pending on appeal." The merits of the appeal now have been addressed—the Justice Court did not err in its order striking Hawkins's filings or by entering default and directing possession of the property. "In deciding whether a case is moot, this Court determines whether it can fashion effective relief." *Kennedy v. Dawson*, 1999 MT 265, ¶ 35, 296 Mont. 430, 989 P.2d 390. The delayed filing of an undertaking may not always render an issue moot, *see Guethlein v. Family Inn*, 2014 MT 121, ¶ 21 n.2, 375 Mont. 100, 324 P.3d 1194; rather, the issue of the stay is moot on these facts. Because we affirm the Justice Court's orders and entry of default, there is no effective relief that we could grant by ordering a stay.

¶19 ABS argues in its reply brief that there was no judgment (only interim orders and entry of default), and thus no monetary judgment upon which the LLC could have

11

calculated and paid an undertaking. U.M.C.R.App. 6(a)(3) states in part that except upon an indigency determination, "when the judgment appealed from directs the delivery of possession of real property, the execution of the same cannot be stayed unless a written undertaking be executed on the part of the appellant, with two or more sureties[.]" The Justice Court's entry of default was a final order insofar as it directed the delivery of possession. ABS has failed to convince us that the Justice Court did not properly follow the procedure under U.M.C.R.App. 6(a)(3).[4]

¶20 Because ABS never moved for relief or to set aside the default in the Justice Court, we do not address its arguments on appeal regarding good cause to set aside the default now. *See State v. Longfellow*, 2008 MT 343, ¶ 19, 346 Mont. 286, 194 P.3d 694 (reasoning that we generally do not address issues raised for the first time on appeal); *see also* U.M.C.R.App. 4(f).

¶21 ABS additionally asserts that HomeRiver is not the real party in interest but only a fictitious trade name and that it lacks standing to assert a claim against ABS. M.J.C.C.R.Civ.P. 10B states that upon "motion of the opposing party or upon the court's own motion, the court must require an amendment of the pleadings to name the real party in interest. If the real party in interest is not named within 5 days, the action will be dismissed without prejudice." A motion by ABS is not properly in the record raising this issue, nor is any order by the court requiring as much. Because the rules would allow five

---

[4] We also note that § 70-27-202(1), MCA, requires that, absent a stipulation by the parties, actions filed in justice courts under Title 70, chapter 27, MCA, must be tried within 10 days from the appearance or answer date stated in the summons unless the defendant seeking a continuance gives an undertaking.

days for HomeRiver to amend the pleadings, ABS has not demonstrated that the case should be dismissed on appeal.

¶22    Finding these issues dispositive, we need not address the remaining arguments that ABS raises on appeal.  ABS disputes, in part, the lease at issue, whether the parties are properly named, and jurisdiction by the Justice Court.  These substantive arguments were contained within filings that we have held were appropriately stricken from the record and are not properly before this Court.  *See* § 3-10-115(1), MCA (An appeal to district court from a justice court of record is confined to review of the record and questions of law.).

¶23    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm the Justice Court orders striking Hawkins's filings and entering default against ABS.

/S/ BETH BAKER

We Concur:

/S/ KATHERINE M BIDEGARAY
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE

13