DA 11-0570

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 97

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

BRANDON BURNS,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 08-0701
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Brandon Burns, self-represented, Deer Lodge, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

            Scott Twito, Yellowstone County Attorney; Julie Mees, Deputy County
Attorney, Billings, Montana

Submitted on Briefs:  February 29, 2012
Decided:  May 1, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Brandon Burns (Burns) appeals an order of the Thirteenth Judicial District Court, Yellowstone County, denying his motion to withdraw his guilty plea. We affirm.

¶2 Burns raises the following issue:

¶3 *Did the District Court properly determine that Burns could not withdraw his guilty plea?*

¶4 We recounted in detail the factual and procedural history of this matter in *State v. Burns,* 2011 MT 167, 361 Mont. 191, 256 P.3d 944. We provide here only those details pertinent to Burns's present appeal.

¶5 Officers found Burns passed out behind the wheel of his car parked on a Billings street in December 2008. Burns had a blood alcohol content level of 0.23. The State of Montana (State) charged Burns with felony DUI. Burns was on parole for a sexual intercourse without consent conviction at that time. The State gave notice of its intent to seek designation of Burns as a persistent felony offender.

¶6 The State and Burns entered into a non-binding plea agreement, pursuant to § 46-12-211(1)(c), MCA, on March 22, 2010. The plea agreement required the State to recommend a 15 year prison sentence with five years suspended. The plea agreement was silent as to any possible fine. Burns recognized in the agreement that "[n]o promises have been made to me, other than those contained in this agreement." Burns signed the plea agreement in which he agreed to the sentence, and, among other matters, attested that he was satisfied with the attorney's services and advice. He further attested to the factual basis for his conviction.

2

¶7      A probation officer prepared a pre-sentence investigation (PSI) after the parties entered into the plea agreement. The PSI agreed with the plea agreement's recommendation of a 15 year sentence with five years suspended. The PSI further recommended that Burns pay a $5,000 fine. Burns did not object to the proposed fine.

¶8      The District Court conducted a sentencing hearing in June 2010. The State abided by its promise to recommend a 15 year prison sentence with five years suspended. The State further recommended a $5,000 fine. Burns did not object. The District Court issued the State's recommended sentence, including the $5,000 fine. Burns does not dispute that the court imposed a legal sentence. Section 46-12-211(1)(c), MCA.

¶9      Burns appealed his designation as a persistent felony offender among other issues. We affirmed this designation in July 2011. *Burns,* ¶ 47. Burns did not appeal the fine. Burns filed a motion to withdraw his guilty plea four months after our ruling on the basis that the $5,000 fine violated the plea agreement. The State countered that the plea agreement was silent as to any fine and that the parties contemplated that the State would recommend a fine.

¶10     The District Court denied Burns's motion to withdraw his guilty plea on the basis that the fine did not violate the plea agreement. The court noted that the plea agreement had been silent with regard to a possible fine. The court further pointed out that the plea agreement was not binding on the court. Burns appeals.

STANDARD OF REVIEW

¶11     This Court reviews for correctness the denial of a motion to withdraw a guilty plea.

3

*State v. LeMay,* 2011 MT 323, ¶ 51, 363 Mont. 172, ___ P.3d ___.

DISCUSSION

¶12 A defendant may withdraw a guilty plea, for good cause, within one year of entering the plea. Section 46-16-105, MCA. A defendant generally has good cause when he demonstrates that the State recommended a sentence that violates the terms of a plea agreement. *See State v. Munoz,* 2001 MT 85, ¶ 13, 305 Mont. 139, 23 P.3d 922. A defendant also establishes good cause by demonstrating that his plea was involuntary. *State v. Brinson,* 2009 MT 200, ¶ 8, 351 Mont. 136, 210 P.3d 164.

¶13 The agreement's sentencing provision states, "[t]he State will recommend a sentence of 15 years, MSP, with 5 of those suspended, as a persistent felony offender." The agreement is silent regarding a fine. Burns argues that the agreement's sentencing provision means that the State would recommend the precise sentence and nothing else. The State counters that the agreement's silence regarding a fine suggests that the parties had not reached an agreement regarding a fine.

¶14 We need not reach the issue of what the agreement stated, however, as Burns failed to raise the issue of the $5,000 fine on his direct appeal. A party waives the right to appeal an alleged error when the appealing party acquiesced in, actively participated in, or did not object to the asserted error. *State v. Bomar,* 2008 MT 91, ¶ 33, 342 Mont. 281, 182 P.3d 47. Burns has accordingly waived that issue here. This case's procedural posture requires, therefore, that we only need to review Burns's guilty plea for voluntariness.

¶15 A guilty plea must be a voluntary, knowing, and intelligent choice due to a

defendant's waiver of numerous constitutional rights and protections when he makes such a plea. *State v. Howard,* 2008 MT 328, ¶ 14, 346 Mont. 150, 194 P.3d 643. The voluntariness of a guilty plea "can be determined only by considering all of the relevant circumstances surrounding it." *Howard,* ¶ 15. We specifically look for objective evidence, at the time of sentencing, regarding the defendant's state of mind to determine whether he voluntarily pled guilty. *Howard,* ¶¶ 23-25. We will not consider subjective evidence of the defendant's state of mind unless the defendant accompanies that subjective evidence with substantial objective evidence. *Howard,* ¶ 23.

¶16    The record here fails to provide any objective evidence that Burns involuntarily gave his guilty plea. To the contrary, the record is replete with objective evidence that Burns remained silent, and offered no objection, with regard to his fine. Burns offered no objection to the PSI's recommendation that the court impose a $5,000 fine. Burns also made no objection when the State recommended the $5,000 fine at his sentencing hearing. Burns raised four different issues on his direct appeal. *Burns,* ¶¶ 2-6. As noted, he never raised on appeal the issue of the $5,000 fine. He instead waited nearly a year after his sentencing hearing before ever asserting that the fine violated the plea agreement—a time period that corresponds with his receipt of a gift of money from a family member. Burns unsuccessfully opposed the decision by the Department of Corrections to garnish this gifted money to pay a portion of Burns's fine. *See Burns v. Mahoney,* OP 11-0387. Waiting 15 months to raise an alleged violation of the plea agreement undermines Burns's claim of "good cause" for withdrawing his guilty plea. Section 46-16-105(2), MCA.

5

¶17 Burns argues that nothing required him to make any objections at his sentencing hearing. He contends that the statute allowed him one year to revoke his guilty plea. Section 46-16-105, MCA. Burns fails to understand, however, that the statute concerns only whether his petition to revoke is timely. The timeliness quite simply allows a court to hear the substance of his claim. The State does not raise that issue here. Burns's failure to object to the fine in the PSI or at the sentencing hearing, or to raise the issue on direct appeal, bear only on our determination that Burns voluntarily pled guilty.

¶18 All the objective evidence establishes that Burns failed to object to the fine at every step of the process—from the PSI, to the sentence hearing, to his direct appeal. Accordingly, the District Court properly denied Burns's motion to withdraw his guilty plea.

¶19 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BETH BAKER