DA 13-0029

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 198N

BRANDON BURNS,

      Petitioner/Defendant and Appellant,

  v.

STATE OF MONTANA,

      Respondent/Plaintiff and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 08-0701
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Brandon James Burns, self-represented litigant; Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General; Helena, Montana

Submitted on Briefs:  June 19, 2013

Decided:  July 16, 2013

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2   Brandon Burns entered a guilty plea on March 22, 2010, in the Thirteenth Judicial District Court to operating or being in actual physical control of a motor vehicle with blood alcohol level of .08 or more, a felony, in violation of § 61-8-406, MCA. The terms of the parties' nonbinding plea agreement required the State to recommend a fifteen-year prison sentence with five years suspended. The agreement contained no provisions regarding recommendation or imposition of a fine. The subsequent presentence investigation report, however, recommended a $5,000 fine in addition to the prison sentence recommended by the State. On June 22, 2010, the District Court sentenced Burns to the prison term the State recommended and imposed a fine of $5,000. Burns did not object to the fine at the time of sentencing, nor did he raise the issue on direct appeal. *State v. Burns*, 2011 MT 167, ¶¶ 2-6, 361 Mont. 191, 256 P.3d 944 (*Burns I*).

¶3   Burns filed a motion with the sentencing court in September 2011, seeking to withdraw his plea on the ground that the State's recommended imposition of a $5,000 fine violated the plea agreement. The District Court denied Burns's motion and this Court affirmed. *State v. Burns*, 2012 MT 97, 365 Mont. 27, 278 P.3d 452 (*Burns II*). We

2

held that Burns had not shown good cause for withdrawing his plea where he failed to object either when the fine was recommended in the PSI report, when the State recommended it at sentencing, or on appeal, but waited nearly a year after imposition of sentence to raise any concern. *Burns II*, ¶¶ 16-18.

¶4     Burns filed in November 2012 a petition with the District Court for postconviction relief, raising two claims of ineffective assistance of counsel. First, Burns claimed that his trial counsel was ineffective for failing to cross-examine the investigating police officers on the police dispatch reports during the pre-trial hearing on Burns's motion to suppress. Second, Burns claimed that his appellate counsel was ineffective for failing to appeal the recommendation of the fine as a violation of the plea agreement. In addition to these postconviction claims, Burns moved for recusal of the District Court judge on the ground that the judge was biased against him. In support of this claim, Burns alleged that the judge had entered numerous rulings against Burns and had allegedly coached the prosecutor during the pretrial motions hearing.[1] The District Court denied both the postconviction petition and the motion for recusal in a single order on January 7, 2013. Burns appeals.

¶5     We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and whether its legal

---

[1] Neither Burns's Motion for Recusal nor his Petition for Postconviction Relief is contained in the District Court file, nor does the file reflect a docket entry for either pleading. Burns has attached copies of both to his brief on appeal and we refer to those documents in discussing the issues and arguments raised in the District Court.

conclusions are correct. *Rukes v. State*, 2013 MT 56, ¶ 8, 369 Mont. 215, 297 P.3d 1195. To prevail on a claim of ineffective assistance of trial or appellate counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Rogers v. State*, 2011 MT 105, ¶¶ 15, 37, 360 Mont. 334, 253 P.3d 889 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984)). A district court's determination of its jurisdiction is a conclusion of law that this Court reviews to determine whether the interpretation of law is correct. *City of Dillon v. Warner*, 2012 MT 17, ¶ 5, 363 Mont. 383, 272 P.3d 41.

¶6      We first address the motion for recusal of the presiding judge. Section 3-1-805(1), MCA, requires a party seeking disqualification for cause to "file an affidavit alleging facts showing personal bias or prejudice of the presiding judge." Section 3-1-805(1)(b), MCA, provides that an affidavit for disqualification will be deemed not to have been made in good faith if it is based solely on rulings in the case that can be addressed in an appeal from the final judgment. Burns's Motion to Request Judge's Recusal contained nothing more than conclusory allegations that the District Judge was biased against him due to the numerous rulings he had made against Burns and that the Judge "had a vested interest in seeing his former rulings upheld." Burns included no affidavit with his motion.

¶7      As the District Court correctly observed, Montana law specifically contemplates that "postconviction proceedings occur in front of the same judge who presided over sentencing." *Patrick v. State*, 2011 MT 169, ¶ 16, 361 Mont. 204, 257 P.3d 365. Absent

4

an affidavit with facts supporting a claim of personal bias or prejudice, Burns's motion did not meet the threshold requirements of the statute and the District Court did not err in denying it summarily and proceeding to exercise jurisdiction over the postconviction proceeding.

¶8 Turning to the merits of his petition, Burns argues that his first trial counsel provided ineffective assistance by failing to bring to light certain entries in the police dispatch reports that would have demonstrated pretext in the State's claim that the investigating officers initiated their contact with Burns pursuant to the "community caretaker doctrine." Burns takes issue with the District Court's description of the entries as "relatively insignificant." The incident reports, which Burns claims not to have seen until months later when he demanded a copy of all discovery, included references to "DUI" and "Drunk" in the "Incident Type" descriptions of the form. Burns claims that had these reports been brought out during the suppression hearing, it would have demonstrated that the officers were lying when they testified that they responded to a request for a welfare check.

¶9 The reports indicate that the caller reported that a man was "passed out in front of [the] address" reported, that his vehicle was running, and that the complainant did not "feel comfortable going up to the veh[icle]." The information contained in the reports is not at odds with the officers' testimony. During the suppression hearing, "[Officer] Jensen testified that he was directed to go to Avenue C for a welfare check on a suspicious vehicle with a male occupant passed out in the driver's seat. [Officer]

Lawrence testified that he remembered being dispatched to a possible drunk driver passed out in a vehicle." *Burns I*, ¶ 8. The evidence on which Burns relies is as consistent with an investigation to check on the welfare of the driver as it is with a DUI investigation. We agree with the District Court that the deficiency prong of *Strickland* need not be addressed because Burns has not demonstrated prejudice by showing a reasonable likelihood that the outcome of the proceeding would have been different had the reports been admitted.

¶10    Burns next argues that his appellate counsel was ineffective for failing to raise on direct appeal the prosecutor's alleged breach of the plea agreement. He represents that his counsel told him the breach could be dealt with by means other than direct appeal, through a later motion to withdraw the plea. The State counters that appellate counsel reasonably did not raise the issue on appeal, since there had been no objection. Burns protests the unfairness of the State's position, arguing that this Court ruled previously that the claim should have been brought on direct appeal and thus there is no avenue to address the wrong. Burns claims that he would have gone to trial had he believed that the plea agreement allowed the State to argue for a fine.

¶11    Since Burns's ineffective assistance of counsel claim arises out of a challenge to his guilty plea, Burns "must establish prejudice by showing 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hardin v. State*, 2006 MT 272, ¶ 18, 334 Mont. 204, 146 P.3d 746 (citations omitted). The postconviction pleading requirements demand that

6

a petitioner "bring forward more evidence than a 'self-serving statement.'" *Kelly v. State*, 2013 MT 21, ¶ 10, 368 Mont. 309, 300 P.3d 120 (citation omitted). Burns was facing a minimum sentence of five years and a maximum sentence of 100 years as a Persistent Felony Offender. The recommended fifteen-year sentence, with five years suspended, was a favorable offer for Burns, especially in light of the rejection of his pretrial motions. Burns acknowledged that the court was not bound by the parties' plea agreement regarding sentencing. He raised no objection to the fine after it appeared as a recommendation in the PSI report and voiced no concern over the fine for nearly a year— as we observed previously, "a time period that corresponds with his receipt of a gift of money from a family member." *Burns II*, ¶ 16. We are not persuaded by Burns's conclusory statement that he would not have pleaded guilty had he known he would lose his right to later challenge the alleged breach of the plea agreement or the imposition of a fine.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court correctly denied Burns's petition for postconviction relief.

¶13 Affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON

7