FILED

10/18/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0347

DA 15-0347

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 264N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

ANTHONY SHULL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-13-133D
Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ashley Harada, Harada Law Firm, PLLC, Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs: September 21, 2016

Decided: October 18, 2016

Filed:

                                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Anthony Shull appeals from the District Court's Memorandum Decision and Order filed July 7, 2014, denying Schull's motion to withdraw his guilty plea. We affirm.

¶3     In 2013 the State charged Shull with multiple counts of burglary and theft arising from several break-ins in Flathead County. Shull pled not guilty and moved to suppress some of the evidence. Prior to the hearing on Shull's motion, the State offered a global plea agreement, and Shull took the weekend to consider it. He agreed to plead guilty to two counts of burglary and one count of felony theft. The State agreed to dismiss the other pending charges and to recommend a twelve-year commitment to the Department of Corrections with seven years suspended. Shull executed an acknowledgment and waiver of rights and on November 20, 2013, the District Court accepted Shull's guilty plea and released him from jail pending sentencing. On November 25, 2013, the State filed a new burglary charge against Shull arising from a November 23 break-in, within three days of his release from jail. Shull pled not guilty.

¶4      In January 2014 Shull appeared with new counsel and moved to withdraw his guilty plea to the original charges.  Shull argued that the guilty plea was coerced by the prosecutor's intent to seek a greater prison sentence if Shull went forward with his motion to suppress.  Shull argued that he only agreed to the plea so he could get out of jail to visit his ailing father.  Shull also argued that the plea agreement with the State provided that if he committed any new criminal offense, doing so "may negate this agreement."

¶5      On June 23-24, 2014, the District Court held an evidentiary hearing on Shull's motion to withdraw his guilty pleas.  Shull and his former attorney testified.  Based upon the evidence presented, the District Court determined that Shull had not demonstrated good cause to believe that his plea agreement was involuntary.  The fact that Shull had to make choices among difficult alternatives did not convince the District Court that the plea was involuntary or that Shull had been coerced into agreeing to it.

¶6      A guilty plea may be withdrawn for good cause, but is valid and binding if it was the product of a voluntary, knowing, and intelligent choice.  *State v. Burns*, 2012 MT 97, ¶ 15, 365 Mont. 27, 278 P.3d 452.  An involuntary plea is one induced by improper threats, misrepresentations or promises.  *State v. Brinson*, 2009 MT 200, ¶ 8, 351 Mont. 136, 210 P.3d 164.  However, prosecutors are not prohibited from using the prospect of seeking increased punishment to induce acceptance of a plea agreement.  The give and take of pretrial plea negotiations is not construed as a punishment for a defendant's exercising his constitutional rights as long as he is free to accept or reject the deal.  *State v. Knowles*, 2010 MT 186, ¶ 33, 357 Mont. 272, 239 P.3d 129.

3

¶7     We agree with the District Court's determination that Shull failed to demonstrate good cause to believe that his plea agreement was involuntary. We also agree with the District Court that Shull was not entitled to commit a new offense and thereby negate the plea agreement. That provision cannot be construed as providing a defendant an incentive to commit additional offenses.

¶8     Shull argues that the District Court did not properly advise him of possible lesser included offenses at the time he pled guilty. Shull did not raise this issue with the District Court and we decline to consider it here. Shull also argues that he was sentenced without a psychological evaluation provided for in the plea agreement. The State points out that the plea agreement provided Shull the opportunity to arrange for a pre-sentencing evaluation and that he failed to do so despite continuances of the sentencing proceeding. The District Court also did not consider this issue and we decline to do so here.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents questions controlled by settled law.

¶10    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

4