FILED

07/05/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0773

DA 15-0773

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 165

BRYCE EVERETT PETERSON,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:     District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 14-567
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Bryce Everett Peterson, self-represented, Deer Lodge, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

William E. Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:   March 22, 2017

Decided:   July 5, 2017

Filed:

_____
Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1 Bryce Everett Peterson appeals the denial of his petition for postconviction relief. The Montana Twenty-First Judicial District Court determined the petition was timely but denied it on the merits. We address two issues on appeal:

1. *Was Peterson's petition for postconviction relief timely?*

2. *Did Peterson's showing of newly discovered evidence satisfy § 46-21-102(2), MCA?*

¶2 We conclude Peterson's petition was not timely and agree with the District Court's determination that Peterson's claims of newly discovered evidence were unsubstantiated. We therefore affirm the denial of Peterson's petition.

**BACKGROUND**

¶3 The State charged Peterson with five felonies and a misdemeanor for his violent assault and kidnapping of H.P., a woman with whom Peterson had an on-and-off romantic relationship. On the eve of his trial, without any admission of fact constituting guilt, Peterson entered *Alford* guilty pleas pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970). By written judgment filed November 23, 2009, the District Court sentenced Peterson to serve 70 years in the Montana State Prison with 20 suspended.

¶4 Peterson filed a notice of appeal on January 22, 2010. Before filing his opening brief, Peterson moved for a stay of the appeal and for remand to allow him to file a motion to withdraw his pleas in the District Court. This Court denied the stay, noting that the timeline for Peterson to move to withdraw his pleas was tolled during the pendency of the appeal. *See* § 46-16-105(2), MCA (deadline for motion to withdraw plea is one year after

2

appellate process has expired).  Nevertheless, Peterson filed a motion to dismiss his appeal, which we granted on November 5, 2010.  With the assistance of new counsel, Peterson filed a motion in the District Court to withdraw his *Alford* pleas on November 22, 2010.  More than a year later, the District Court denied Peterson's motion.  We affirmed the denial on November 5, 2013.  *State v. Peterson*, 2013 MT 329, 372 Mont. 382, 314 P.3d 227.  Peterson then petitioned for rehearing, which we denied on December 18, 2013.

¶5      Peterson filed the present petition for postconviction relief on December 17, 2014, asserting that the District Court's pre-trial evidentiary orders and the State's misconduct in discovery and evidentiary hearings deprived him of the opportunity to defend himself with evidence of his victim's mental health history.  As a result, Peterson asserted that he was effectively coerced into making his *Alford* pleas.  Peterson also raised claims of ineffective assistance of counsel both in making his pleas and filing his post-sentence motion to withdraw his pleas.  In addition to its arguments on the merits of Peterson's claims, the State asserted that the petition was untimely.  The District Court rejected the State's timeliness argument, but nonetheless denied the petition on the merits.  Peterson appealed.  In addition to opposing Peterson's assertions of error, the State asserts on appeal that the District Court erred in determining the petition was timely.

## STANDARDS OF REVIEW

¶6      The standard of review of a district court's denial of a petition for postconviction relief is whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct.  *Sartain v. State,* 2012 MT 164, ¶ 9, 365 Mont. 483, 285 P.3d 407.

3

## DISCUSSION

¶7    *1. Was Peterson's petition for postconviction relief timely?*

¶8    Petitions for postconviction relief generally must be filed "within 1 year of the date that the conviction becomes final." Section 46-21-102(1), MCA. Although a defendant making an *Alford* plea may refuse to admit to any element of an offense or acknowledge guilt, an *Alford* plea is still a plea of guilty. *See* § 46-12-212(2), MCA; *Peterson*, ¶ 8. A judgment or sentence entered upon an *Alford* plea is thus a "conviction," as defined by § 46-1-202(7), MCA. For purposes of postconviction relief, a conviction "becomes final" when:

> [1]    the time for appeal to the Montana supreme court expires;
>
> [2]    if an appeal is taken to the Montana supreme court, . . . the time for petitioning the United States supreme court for review expires; or
>
> [3]    if review is sought in the United States supreme court, on the date that that court issues its final order in the case.

Section 46-21-102(1), MCA. In short, a conviction becomes final when a defendant's appellate remedies expire or are exhausted.

¶9    Upon a showing of good cause, a court may allow withdrawal of a guilty plea at any time before "judgment" or within one year after a "judgment" becomes final. Section 46-16-105(2), MCA. Except for reference to the term "judgment" rather than "conviction," a judgment becomes final under § 46-16-105(2), MCA, under the same circumstances that a conviction becomes final under § 46-21-102(1), MCA. Because a "conviction" is a judgment or sentence entered upon a guilty plea, a no contest plea, or a guilty verdict, *see* § 46-1-202(7), MCA, no meaningful distinction exists between the terms "judgment" and

4

"conviction" as used in §§ 46-16-105(2) and 46-21-102(1), MCA. Thus, the deadlines for moving to withdraw a guilty plea and petitioning for postconviction relief run concurrently from the exhaustion or expiration of a defendant's right to direct appeal from the conviction. To allow a defendant to extend the postconviction petition deadline by first filing a motion to withdraw a guilty plea would contravene the plain language of §§ 46-16-105(2) and 46-21-102(1), MCA.

¶10 "A guilty plea must be a voluntary, knowing, and intelligent choice due to a defendant's waiver of numerous constitutional rights and protections when he makes such a plea." *State v. Burns*, 2012 MT 97, ¶ 15, 365 Mont. 27, 278 P.3d 452. A defendant challenging the validity of a guilty plea as involuntary, unknowing, or unintelligent has essentially three options: a direct appeal from the conviction, a motion to withdraw the plea, and a petition for postconviction relief. These options are not mutually exclusive; the defendant is free to pursue any or all of these options, with the caveat that record-based challenges may not be raised in a petition for postconviction relief and non-record based challenges may not be raised on direct appeal. *See* § 46-21-101(1), MCA; *State v. Herman*, 2008 MT 187, ¶ 15, 343 Mont. 494, 188 P.3d 978 (explaining distinction between record-based and non-record-based claims).

¶11 By operation of §§ 46-16-105(2) and 46-21-102(1), MCA, filing a direct appeal from the conviction delays the deadline for filing a plea withdrawal motion and a petition for postconviction relief. Conversely, filing a motion to withdraw a plea or a petition for postconviction review does not toll the deadlines for any of the other options. If a defendant files only a motion to withdraw a plea, without pursuing direct appellate review

5

or a concurrent petition for postconviction relief, she risks the expiration and waiver of her rights to direct appeal and postconviction relief. This is precisely what happened here.

¶12 The District Court entered its written judgment on Peterson's pleas on November 23, 2009, thereby starting the clock on his right of direct appeal to this Court. He had 60 days from the entry of the District Court's written judgment to file a notice of appeal. M. R. App. P. 4(5)(b)(i). Peterson timely filed his notice of appeal on the 60th day, January 22, 2010. Because he filed his appeal on the last possible day, no time was left to refile his appeal after he requested and obtained dismissal of his appeal on November 5, 2010. Although we did not dismiss his appeal with prejudice, his right to appeal expired that day by operation of the 60-day deadline of M. R. App. P. 4(5)(b)(i) and his voluntary withdrawal of his timely filed appeal. Peterson's conviction thus became final on November 5, 2010, under § 46-21-102(1)(a), MCA. Pursuant to § 46-21-102(1), MCA, Peterson's deadline to file a postconviction petition was November 5, 2011.

¶13 Peterson could have timely sought non-record-based relief challenging the validity of his *Alford* pleas by filing a postconviction petition before November 5, 2011. Instead, he elected to file only a post-sentence motion to withdraw his pleas and thereby risked waiver of his right to seek postconviction relief in the event that the motion to withdraw was unsuccessful and the ruling came after November 5, 2011. In fact, the District Court issued its ruling on December 14, 2011. Consequently, Peterson's petition for postconviction relief, filed December 17, 2014, was time-barred pursuant to § 46-21-102(1), MCA.

6

¶14     In determining that Peterson's petition was timely, the District Court observed that U.S. Supreme Court rules allow 90 days to petition for review of this Court's decisions. *See* Rule 13, Rules of the Supreme Court of the United States.  Because Peterson filed his petition within 1 year and 90 days of our *Peterson* decision, the District Court concluded the petition was timely.  However, our *Peterson* decision concerned a direct appeal from the denial of his motion to withdraw his *Alford* pleas, not a direct appeal from his conviction.  *Peterson*, ¶ 1.  His right to a direct appeal from his conviction had long-since expired, and his conviction was therefore final.[1]  By measuring Peterson's postconviction petition deadline from the date of our *Peterson* decision, as opposed to the date his conviction became final, the District Court erroneously extended his one-year deadline for filing a postconviction petition in contravention of § 46-21-102(1), MCA.

¶15     Several of the claims in Peterson's postconviction petition are related to the alleged ineffective assistance of his counsel in handling the motion to withdraw his pleas.  We addressed many of these claims in *Peterson*, ¶¶ 30-39, and the claims are now barred by res judicata.  *See Smith v. State*, 2000 MT 327, ¶ 27, 303 Mont. 47, 15 P.3d 395.  To the extent Peterson's claims are new, the conduct at issue in these claims necessarily occurred after Peterson's conviction had become final under § 46-21-102(1)(a), MCA.  Nevertheless, the deadline for postconviction relief attaches to the date the conviction

---

[1] Because the State acknowledged that the restitution portion of Peterson's sentence was legally inadequate, we remanded "for the sole purpose of" correcting the restitution order.  *Peterson*, ¶¶ 41-42. We did not grant Peterson an out-of-time, direct appeal of his conviction.  The correction of the restitution order therefore did not extend his deadline to file a petition for postconviction relief.

became final, not the date the grounds for relief arose. Section 46-21-102(1), MCA. Furthermore, evidence of his counsel's ineffectiveness during these proceedings does not fall within the exception for newly discovered evidence, § 46-21-102(2), MCA, because it has no bearing on whether Peterson engaged in the criminal conduct for which he was convicted. Like the rest of his petition, Peterson's claims of ineffective assistance of counsel with regard to his motion to withdraw his pleas are time-barred by § 46-21-102(1), MCA.

¶16    2.    *Did Peterson's showing of newly discovered evidence satisfy § 46-21-102(2), MCA?*

¶17    Having determined that Peterson's petition for postconviction relief was more than three years late, we must next determine whether his claims of newly discovered evidence bring his petition within the exception of § 46-21-102(2), MCA, which provides:

> A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

Section 46-21-102(2), MCA.

¶18    To support his claim of newly discovered evidence, Peterson provided the District Court with a single email from a private investigator hired for his defense. That email shared a link to "all of the documents" concerning Peterson's case that the investigator had in his possession. As the District Court observed, the email did not explain what those

8

documents were, "when and how they were acquired, . . . [or] when Peterson knew or should have known of their existence."

¶19 In his briefing on appeal, Peterson explains that the documents were "undisclosed" police reports, which he attached as exhibits to his petition. The District Court noted that two of the reports were in fact disclosed by the State in discovery and introduced by the defendant at his sentencing hearing. The remaining reports concern past interactions between law enforcement and Peterson's victim. Despite Peterson's claims, the State had no duty to investigate his victim, nor did it have an obligation to procure evidence on his behalf. *Taylor v. State*, 2014 MT 142, ¶ 15, 375 Mont. 234, 335 P.3d 1218. Even if Peterson had provided a reasonable basis for not discovering these documents earlier, it is unclear how the victim's past, unrelated interactions with law enforcement would show he did not engage in the violent felonies for which he was convicted.

¶20 The District Court ultimately determined that Peterson's assertion of newly discovered evidence was unsupported by the facts. We agree. Because Peterson failed to provide factual support for his claim of newly discovered evidence, we conclude that the exception of § 46-21-102(2), MCA, does not excuse Peterson's failure to timely file his petition for postconviction relief.

**CONCLUSION**

¶21 The District Court erred in measuring the deadline for Peterson's petition for postconviction relief, but nevertheless ultimately reached the right result in denying the petition. We will affirm a district court decision that reaches the right result even if for the wrong reason. *Keuffer v. O.F. Mossberg & Sons, Inc.*, 2016 MT 127, ¶ 22, 383 Mont. 439,

373 P.3d 14. We therefore affirm the District Court's denial of Peterson's petition for postconviction relief.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA