

FILED

06/16/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0132

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0132

BRYCE EVERETT PETERSON,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

FILED

JUN 16 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

On April 8, 2020, this Court issued an Order, denying self-represented Appellant Bryce Everett Peterson's Motion to Appoint Counsel and granting his Motion for an Extension of Time to file his opening brief on or before July 14, 2020. In the Order, we stated that "Peterson is appealing the Ravalli County District Court's denial of his second petition for postconviction relief in Cause No. DV-19-468." We explained that "Peterson is not entitled to representation from appellate counsel[]" when he represented himself in District Court. *Peterson v. State*, No. DA 20-0132, Order at 1 (Mont. Apr. 8, 2020). Peterson has since filed a "Motion for Reconsideration En Banc" that we deem a petition for rehearing.[1] *See* M. R. App. P. 20; *Nelson v. Driscoll*, 285 Mont. 355, 359, 948 P.2d 256, 258-59 (1997) (A motion for reconsideration does not exist under Montana law.). Counsel for Appellee State of Montana has not filed a response.

Peterson points to § 46-8-104(3), MCA, where "'extraordinary circumstances' include those in which the petitioner or appellant does not have access to legal materials ....." Peterson contends that he qualifies for counsel because "access to legal material through LEXIS-NEXIS and the prison library do not exist." He moves this Court to reconsider our decision in light of his contention, and referring to his prior motion, he

---

[1] Peterson timely filed his Petition for Rehearing on April 16, 2020, yet his pleading was only recently sent to the Court.

argues that he provided documentation of no access. Peterson further requests that opposing counsel provide copies to him of every case and statute cited in its answer brief. He states that this request is reasonable and that he would provide legal authority for such request if he had access to legal materials.

Peterson's request for en banc consideration is not justified, and a five-Justice panel has been assigned. Internal Operating R., § IV. 1. With respect to petitions for rehearing of orders disposing of petitions or motions, this Court may not grant rehearing in the absence of "clearly demonstrated exceptional circumstances[.]" M. R. App. P. 20(1)(d).

In its April Order, this Court acknowledged Peterson's claim that his "legal access at the Montana State Prison does not exist and library services are suspended[.]" We concluded that his motion for appointment of counsel was not warranted. We stated then that Peterson did not demonstrate extraordinary circumstances. Moreover, pursuant to § 46-8-104(1)(e), MCA, "extraordinary circumstances exist that require the appointment of counsel to prevent a miscarriage of justice." Peterson has not met his burden of extraordinary circumstances with his original motion or his instant petition. Peterson appeals the second denial of his second such petition for postconviction relief.[2] Upon review, we conclude that Peterson has not demonstrated any exceptional circumstances to warrant rehearing. M. R. App. P. 20(1)(d). Accordingly,

IT IS ORDERED that Peterson's Petition for Rehearing is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Bryce Everett Peterson personally.

DATED this 16 day of June, 2020.

_____

_____

---

[2] See Peterson v. State, 2017 MT 165, ¶¶ 1-2, 388 Mont. 122, 398 P.3d 259.

2

Justices